# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 37712

DAMIAN FARRELL,

    Plaintiff-Counterdefendant-
Respondent,

v.

KENT WHITEMAN, in his individual
capacity, and WHITEHORSE
PROPERTIES, LLC, a Michigan limited
liability company,

    Defendants-Counterclaimants-
Appellants.

Twin Falls,  November 2011 Term

2012 Opinion No.  12

Filed:  January 10, 2012

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the Fifth Judicial District of the State of
Idaho, Blaine County.  Hon. Robert J. Elgee, District Judge.

The decision of the district court is <u>affirmed</u>.  Attorney's fees and costs on
appeal are awarded to respondent.

Speck & Aanestad, Ketchum, for appellants.  Douglas J. Aanestad argued.

Edward Simon, Ketchum, for respondent.

---

W. JONES, Justice

## I. NATURE OF THE CASE

Appellants, Kent Whiteman and Whitehorse Properties, LLC, (collectively referred to herein as "Whiteman"), bring a second appeal of this case before this Court.  In the original trial, Respondent, Damian Farrell, sued Whiteman for uncompensated architect services rendered for Whiteman's West View Condominium project from 2003 to 2004.  Whiteman counterclaimed arguing that Farrell was not entitled to compensation due to his failure to obtain a license to practice architecture in Idaho.  Farrell is a resident of Michigan and was licensed as an architect in the states of Michigan, Texas, and New York when he began working with Whiteman.  Farrell did not receive his architect's license in Idaho until February 17, 2004.  The district court found

1

that an implied in fact contract existed between the parties and awarded Farrell damages in quantum meruit for services rendered, expenses incurred, and attorney's fees and costs. Whiteman appealed and this Court vacated the district court's damage award and its award of attorney's fees, finding that any damages awarded to Farrell prior to being licensed in Idaho should be based on unjust enrichment, not quantum meruit. On remand, the district court heard new evidence and awarded Farrell damages for reimbursement of out of pocket expenses incurred prior to licensing under unjust enrichment, damages for architectural services rendered after Farrell obtained his license based on quantum meruit, and attorney's fees and costs. The total amount awarded on remand, $208,690.05, was $9,000 more than the amount originally awarded in the first trial. Whiteman again filed a timely appeal of the district court's judgment on remand.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Kent Whiteman is a lawyer, but left the practice of law to become involved in real estate development. Damian Farrell is a licensed architect and resident of Michigan. Whiteman and Farrell were friends, and in 2002, they discussed working together on Whiteman's West View Condominium project, (the "Project") in Ketchum, Idaho. At that time, Farrell was not licensed to practice architecture in Idaho, but was licensed in the states of Michigan, Texas, and New York. Farrell agreed to be the lead architect for the condominium project in exchange for twenty-five percent (25%) of the profits. Based on their oral conversations, Farrell undertook performance with the anticipation that he would be a partner in the company and that Whiteman would eventually provide him with a written contract outlining the terms of the profit-sharing arrangement they discussed. As a result, Farrell did not keep track of the hours he spent on each phase of the job or submit billings. Farrell also advanced Whiteman expenses for the Project without seeking immediate reimbursement.

Farrell began working on the seven unit condominium Project in June of 2003. Whiteman was expected to present a written contract setting forth the partnership agreement and establishing Farrell's compensation by September of 2003. Whiteman misrepresented Idaho law by telling Farrell that he could not be an owner of the company because he was not a fifty percent (50%) contributor. Whiteman did not provide Farrell with any written contract proposals until February of 2004, yet no agreement could be reached between the parties. Despite failing to agree upon the terms of Farrell's compensation, Farrell continued working on the Project as

2

the lead architect and obtained his architecture license from the State of Idaho on February 17, 2004. Although Farrell prepared the necessary design plans prior to his Idaho licensure, the initial design plans were received by the City of Ketchum for review on February 18, 2004, one day after Farrell became licensed in Idaho. On April 16, 2003, Farrell proposed a fixed fee of ten percent (10%) based on a percentage of total construction costs as is typically used in Farrell's architecture firm, Hobbs and Black. This fee arrangement was rejected by Whiteman. On April 26, 2004, the City of Ketchum approved the design review and site plan submitted by Farrell. Farrell then prepared the construction drawings and submitted them to the city for approval. In early July, the City of Ketchum issued a building permit that allowed construction to begin on the Project.

On July 29, 2004, Farrell was terminated from the Project for alleged missed deadlines and poor designs that Whiteman claimed would require re-designing in order to sell on the market. At the time Farrell was terminated, some of the construction documents remained uncompleted; nevertheless, Farrell's construction drawings allowed Dembergh, the construction company that was eventually hired for the Project, to submit an accurate construction bid. Furthermore, no other architect was hired to complete or re-design Farrell's work. Whiteman refused to pay Farrell for the architectural work done on the Project. Farrell sued Whiteman to recover for the architect services he rendered on behalf of the Project. Farrell based the cause of action upon breach of oral partnership, breach of oral employment contract, quantum meruit, unjust enrichment, and promissory estoppel. In his Answer, Whiteman asserted eight (8) affirmative defenses and counterclaimed alleging architectural malpractice/negligence, misrepresentation, fraud, deceit, and breach of contract. The district court found that Farrell was licensed to practice architecture in Idaho during the critical aspects of the Project's construction. Thus, in the first trial, the court found that an implied in fact contract existed between the parties and awarded Farrell damages under quantum meruit. The district court also dismissed Whiteman's counterclaim and awarded Farrell attorney's fees and costs.

Whiteman appealed to this Court arguing that the lower court erred in construing the contract to be legal. On the first appeal, this Court vacated the district court's award of damages and remanded the case for further consideration. *Farrell v. Whiteman*, 146 Idaho 604, 613, 200 P.3d 1153, 1162 (2009). This Court specifically instructed the district court to "determine the quantum meruit recovery due for services rendered after Farrell received his Idaho license

3

(February 17, 2004) and the unjust enrichment recovery due, if any, for services rendered prior to licensing." *Id.* The Court reasoned that any services rendered prior to Farrell obtaining his Idaho architecture's license were made under an illegal contract and therefore must be measured under a theory of unjust enrichment, not quantum meruit. *Id.* Finally, this Court left it to the district court to determine the proper fee on remand. *Id.*

On remand, the district court held an evidentiary hearing and allowed the parties to present new evidence to the court, which was not available at the time of the first trial. The additional evidence proved that Whiteman sold all seven condominium units in the Project under Farrell's original design.[1] The evidence also showed that the total sales price for all of the units was $7,134,000, and that Whiteman made a profit of $2,022,855 from the proceeds of the sales.[2] The district court then evaluated the findings of fact made during the first trial with the new evidence presented on remand and balanced the equitable factors accordingly. The district court found that no equities weighed in Whiteman's favor. Although Whiteman claimed that Farrell should have completed some of the work faster, the court found that Farrell's performance was reasonable and timely. The court also found Whiteman's claims that Farrell's poor design diminished the value of units 2, 3, and 5, making them difficult or impossible to sell, were not supported by the new evidence.

On remand, the district court stated "[n]ot only did Whiteman suffer no loss as a result of Farrell's work, he profited handsomely." The new evidence established that all of the units sold at prices higher than what Whiteman had originally projected at the first trial under Farrell's design. As such, the district court considered the high quality of Farrell's work in determining the reasonable value of the services rendered under a theory of quantum meruit. The district court awarded Farrell $130,000 for architectural services rendered after receiving his Idaho architectural license. The court also found that Farrell was not entitled to an architect's fee prior to obtaining his Idaho architecture license under a theory of unjust enrichment. Nevertheless, the court awarded Farrell $13,408.58 as reimbursement for the out of pocket expenses Farrell incurred on Whiteman's behalf under unjust enrichment, plus pre-judgment interest of $8,806.77. The district court also re-awarded Farrell $38,740 in attorney's fees and an additional

---

[1] At the time of the first trial, units 2, 3, and 5 were not sold.

[2] After deducting administrative costs and expenses, the district court found that Whiteman's net profit was approximately $1.85 million.

4

$10,000 for attorney's fees post-remand, plus costs of $7,734.70. Thus, the total judgment awarded was $208,690.05.

Whiteman filed a timely notice of appeal from the court's judgment on remand. On the second appeal to this Court, Whiteman argues that the court erred in calculating the amounts awarded to Farrell on appeal. Specifically, Whiteman notes that the court awarded Farrell $9,000 more under quantum meruit on remand than the court awarded in the first trial. Whiteman also argues that the court erred in considering the quality of Farrell's work in calculating the reasonable value of his services. Finally, Whiteman argues that the court erred in awarding Farrell attorney's fees because a portion of the implied in fact contract was illegal.

### III. ISSUES ON APPEAL

1. Whether the district court erred in calculating Farrell's award and in considering the quality of Farrell's work as a factor in determining the reasonable value of his services to award damages under quantum meruit?

2. Whether the district court erred in awarding attorney's fees and costs to Farrell?

### IV. STANDARD OF REVIEW

The application of equitable remedies is a question of fact because it requires a balancing of the parties' equities. *O'Connor v. Harger Const., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008) (citing *West Wood Invs., Inc., v. Acord*, 141 Idaho 75, 82, 106 P.3d 401, 408 (2005)). On appeal, this court will not set aside findings of fact unless they are clearly erroneous and not supported by substantial and competent evidence. *O'Connor*, 145 Idaho at 909, 188 P.3d at 851 (2008) (citing *West Wood Invs.*, 141 Idaho at 82, 106 P.3d at 408). "A trial court does not abuse its discretion if it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason." *West Wood Invs., Inc.*, 141 Idaho at 82, 106 P.3d at 408 (citing *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 139 Idaho 761, 768, 86 P.3d 475, 482 (2004)).

### V. ANALYSIS

**A.    The District Court Did Not Err in Its Award of Damages under Quantum Meruit**

During the first trial, Whiteman's expert architect testified that 4 to 6 percent of the cost of the project was a reasonable range for an architectural fee. The district court originally chose to use a fee of 4% because the court was still unsure whether the Project would be profitable. Despite Whiteman's claims that Farrell's poor designs would either require re-design or would sell at significantly less than market value, the new evidence presented on remand contradicted

5

Whiteman's original sales predictions by proving that all units sold for a profit. Therefore, on remand the court chose to use an architectural fee of 5% as a base point for Farrell's services which would be $212,950. The court also followed the testimony of Farrell's expert architect, Hamlin, who ascribed 15% of the total architect's fee to the early phases of development before Farrell obtained his license. The court then identified several ways in which a reasonable architect's fee could be calculated for the reasonable value of Farrell's services after obtaining his Idaho license.

 1. *The District Court Did Not Err in Calculating Farrell's Damages Award under Quantum Meruit*

The district court started with the 5% architectural fee of $212,950 and deducted CDS' fee of $32,732 for producing construction documents, SDI's fee of $12,390 as the structural engineer, and Knox Barclay's architect fee of $5,530 for overseeing the remainder of the project. These deductions left a balance of $162,298. The court further deducted 15% from the $162,298 figure for the work Farrell performed prior to obtaining his Idaho license, yielding a net quantum meruit award of $137,954. The court also explained that simply deducting 15% from the 5% architectural fee of $212,950 would produce a net quantum meruit award of $130,356, including the deductions for CDS, SDI, and Barclay. After analyzing the various equitable considerations involved, the court then determined that $130,000 was an appropriate award for the reasonable value of the architectural services rendered by Farrell after receiving his Idaho license.

Whiteman argues that the lower court erred in its calculations and specifically highlights the fact that on remand, the court awarded Farrell over $9,000 more in fees under quantum meruit than it awarded after the first trial. The court justified this result by explaining that at the time of the first trial, a question remained about whether units 2, 3, and 5 were marketable under Farrell's design, which led to a conservative fee award. The court further stated that "[o]n remand, it became clear that the units were indeed marketable, and sold for prices reflecting both the quality of Farrell's work and the speed with which he got his work done." Whiteman also argues that Farrell's architecture fee should have been further reduced for the work he did not do. The district court found that such a deduction was unnecessary because Whiteman did not actually pay anyone else for the work Farrell left uncompleted after he was terminated. Thus, because there were no additional costs to Whiteman for the work Farrell did not perform, the court found it improper to make a further reduction from his architecture's fee.

This Court finds that the district court properly calculated Farrell's damage award under the theory of quantum meruit. While the district court could have chosen to use Farrell's estimates over the expert architect Hamlin's estimates, or could have chosen a different percentage for the base of the architectural fee, it was well within the court's discretion to use the calculations it found most credible. The lower court's findings of fact will not be overturned unless they are clearly erroneous. *O'Connor*, 145 Idaho at 909, 188 P.3d at 851 (citing *West Wood Invs.*, 141 Idaho at 82, 106 P.3d at 408). Furthermore, it was appropriate for the court to consider the new evidence presented on remand to calculate a reasonable damages award and there is no requirement that the amount be less than what was previously awarded. This Court finds that there is substantial evidence in the record to support the district court's calculation of damages under quantum meruit for the reasonable value of Farrell's services after obtaining his Idaho license.

> 2. *The District Court Properly Considered the Quality of Farrell's Work as an Equitable Factor in Determining the Reasonable Value of the Services Rendered*

In balancing the equities, the district court considered the speed and quality of Farrell's performance as an equitable consideration in determining the reasonable value of Farrell's services. The court considered the fact that Farrell completed the construction documents in two and a half months rather than the four to six month time period usually given to complete such a task. The court also noted that although Whiteman complained about Farrell missing deadlines, the court found that it was appropriate for Farrell to wait until his design was approved by the City of Ketchum before moving forward with the Project. The court also considered the ongoing liability an architect undertakes in designing a building and the additional work Farrell performed such as interior design and creating marketing brochures. Lastly, the court stated that "something should be added to this figure for the quality of his work," recognizing that all seven units sold under Farrell's design leaving Whiteman with a substantial net profit.

Whiteman argues that the district court abused its discretion by considering the speed and quality of Farrell's work in calculating the award for damages under quantum meruit. Whiteman asserts that the quality of work should have no impact on the reasonable value of architectural services. The measure for recovery under quantum meruit is "the reasonable value of services rendered, not the actual benefit realized and retained." *Baker v. Boren*, 129 Idaho 885, 894, 934 P.2d 951, 960 (Idaho Ct. App. 1997) (citing *Peavey v. Pellandini*, 97 Idaho 655, 660, 551 P.2d 610, 615 (1976)). While it is true that the valuation should not be the amount of the benefit

received by the other party, it is appropriate to consider the quality of the work in order to adequately determine the value of the services rendered. For example, the reasonable value of high quality architectural services will be greater than the reasonable value of mediocre quality or subpar architectural services. Determining the reasonable value of service under quantum meruit "is an objective measure and is proven by evidence demonstrating the nature of the work and the customary rate of pay for such work in the community at the time the work was performed." *Baker*, 129 Idaho at 894, 934 P.2d at 960 (citing *Peavey v. Pellandini*, 97 Idaho at 659, 551 P.2d at 614). This Court holds that the district court properly considered the nature of Farrell's work and found that it was of high quality, thus meriting a greater valuation under quantum meruit.

**B.     The District Court Did Not Abuse Its Discretion in Awarding Farrell Attorney's Fees and Costs**

The district court re-awarded Farrell $38,740 in attorney's fees and an additional $10,000 for attorney's fees post-remand under Idaho Code section 12-120(3), plus costs of $7,734.70. Whiteman argues that Farrell is not entitled to attorney's fees because at least a portion of the implied in fact contract was illegal. This Court has previously held that neither party is entitled to attorney's fees under an illegal contract or transaction. *See e.g.*, *Barry v. Pac. W. Constr., Inc.*, 140 Idaho 827, 835, 103 P.3d 440, 448 (2004); *Trees v. Kersey*, 138 Idaho 3, 12, 56 P.3d 765, 774 (2002). Nevertheless, the district court found that Farrell based his request for fees upon the legal portions of his contract. The court further held that a commercial transaction was integral to Farrell's claim and the basis upon which Farrell was attempting to recover. This Court finds that the district court ruled correctly. As the prevailing party, Farrell is entitled to attorney's fees in this action arising from a commercial transaction.

"The calculation of reasonable attorney fees is within the discretion of the trial court." *Parsons v. Mut. of Enumclaw Ins. Co.*, 143 Idaho 743, 747, 152 P.3d 614, 618 (2007) (citing *Bott v. Idaho State Bldg. Auth.*, 128 Idaho 580, 592, 917 P.2d 737, 749 (1996)). Further, the party opposing the award bears the burden of demonstrating that the district court abused its discretion. *Eastern Idaho Agric. Credit Ass'n v. Neibaur*, 133 Idaho 402, 412, 987 P.2d 314, 324 (1999). Whiteman has failed to prove how the court abused its discretion in awarding Farrell attorney's fees and costs. The record indicates that the district court properly considered the factors set forth in I.R.C.P. 54(e)(3). The district court held Farrell to be the prevailing party and further found that the majority of Farrell's work was performed after he received his Idaho license.

8

Therefore, this Court holds that the district court did not abuse its discretion in awarding Farrell attorney's fees and costs.

## C. Farrell Is Entitled to Attorney's Fees on Appeal

Both parties requested attorney's fees on appeal. Whiteman requested attorney's fees under Idaho Code section 12-121. This Court finds that Whiteman is not the prevailing party and thus, is not entitled to attorney's fees. Farrell requested attorney's fees under I.C. § 12-120(3) and I.C. § 12-121. The Court finds that Farrell is the prevailing party and is entitled to attorney's fees under I.C. § 12-120(3) because this was clearly a commercial transaction and a contract is not necessary to support such a finding. Idaho Code section 12-120(3) defines commercial transactions as "all transactions except transactions for personal or household purposes." I.C. § 12-120(3); *Blimka v. My Web Wholesaler, LLC*, 143 Idaho 723, 728, 152 P.3d 594, 599 (2007). Moreover, the statute is not limited to contract actions. It "does not require that there be a contract between the parties before the statute is applied; the statute only requires that there be a commercial transaction." *City of McCall v. Buxton*, 146 Idaho 656, 665, 201 P.3d 629, 638 (2009) (quoting *Great Plains Equip., Inc. v. Northwest Pipeline Corp.*, 136 Idaho 466, 472, 36 P.3d 218, 224 (2001)). Therefore, Farrell's architectural services, which constitute the basis of his claim, represent a commercial transaction.

## VI. CONCLUSION

This Court upholds the district court's award of damages under unjust enrichment and quantum meruit and upholds the court's award of attorney's fees and costs. The Court further awards attorney's fees and costs on appeal to Farrell.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.

9