# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43461

| | | |
|---|---|---|
| **BRYAN TRUCKING, INC.,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Twin Falls, June 2016 Term** |
| **TERRY GIER,** | ) | |
| | ) | **2016 Opinion No. 72** |
| **Defendant-Respondent,** | ) | |
| | ) | **Filed: June 28, 2016** |
| **and** | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| **NIEL RING, individually, and NIEL RING TRUCKING, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| ———————————————————— | ) | |

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

The judgment of the district court is <u>affirmed</u>.

R. Shepherd Law, PLLC, Meridian, for appellant. Ron R. Shepherd argued.

Worst, Fitzgerald & Stover, PLLC, Twin Falls, for respondent. Kirk A. Melton argued.

———————————————

J. JONES, Chief Justice

Appellant Bryan Trucking, Inc., sued Respondent Terry Gier for fraud, based on statements and representations Gier allegedly made to Bryan Trucking that induced Bryan Trucking to purchase a used commercial truck from a third party. The district court dismissed the claim by stipulation of the parties. Bryan Trucking appeals the district court's subsequent award of costs and attorney fees to Gier.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

Gier is a member of Gier Jammer's Diesel Repair, LLC. Gier Jammer's serviced long-haul trucks for Bryan Trucking starting in 2009. In August 2012, Gier Jammer's overhauled the motor in a 2005 Kenworth truck owned by Niel Ring Trucking, Inc. ("Ring Trucking").[1] In approximately November 2013, Niel Ring ("Ring") notified Gier that Ring Trucking wanted to sell the truck. Shortly thereafter, Ty Bryan of Bryan Trucking happened to ask Gier if Gier knew of anyone selling a used truck. Gier informed Bryan of the 2005 Kenworth for sale by Ring Trucking. Because Gier and Gier Jammer's had overhauled the Kenworth's motor and performed other maintenance on the vehicle, Gier was able to answer numerous questions Bryan posed about the truck.

Bryan Trucking purchased the truck from Ring Trucking in January 2014. The parties agree that the truck experienced leaking and overheating problems in April 2014. However, the parties dispute the cause of the problems. Bryan Trucking alleged that Gier improperly overhauled the truck, while Gier alleged that Bryan caused the overheating and subsequent damage. Bryan Trucking allegedly incurred more than $10,000 in costs related to the repair of the truck.

Bryan Trucking sued Ring Trucking as well as Gier and Ring individually. The amended complaint alleged four counts: Fraud against both Gier and Ring, plus breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment against Ring and Ring Trucking. The amended complaint also alleged that Bryan Trucking is entitled to attorney fees under Idaho Code sections 12-120(3) and 12-121.

The district court dismissed the claims against Ring and Ring Trucking by stipulation of the parties. On April 21, 2015, the district court dismissed with prejudice the claim against Gier, also by stipulation. On May 5, 2015, fourteen days later, Gier filed a "Memorandum of Costs, Disbursements and Attorneys Fees" with the district court. Gier also emailed the memorandum and supporting documents to Bryan Trucking's counsel the same day, but did not attempt any other method of delivery. Bryan Trucking filed and served a motion to disallow Gier's memorandum of costs, alleging that Gier could not recover costs and fees because he had failed

---

[1] The suit Bryan Trucking filed uses the spelling "Neil" instead of "Niel" but only "Niel Ring Trucking, Inc.," appears to be an existing Idaho corporation per the Secretary of State website. Except in the caption, this opinion uses the proper spelling of "Niel" without indicating corrections where it was misspelled by a party.

to timely serve the memorandum of costs on Bryan Trucking. At a subsequent hearing, the district court awarded costs and attorney fees to Gier. The court concluded Gier had not waived the request by failing to serve the memorandum of costs and fees on Bryan Trucking within fourteen days and that Idaho Code section 12-120(3) provided a legal basis supporting an award of fees. On July 1, 2015, the district court issued an amended judgment awarding Gier costs and fees totaling $26,496.66. Bryan Trucking timely appealed on August 7, 2015.

## II.
## ISSUES PRESENTED ON APPEAL

1. Whether the district court erred in concluding Gier did not waive his right to fees and costs by failing to serve Bryan Trucking within fourteen days.

2. Whether the district court erred in concluding there was a commercial transaction supporting an award of attorney fees to Gier under Idaho Code section 12-120(3).

3. Whether Gier is entitled to recover attorney fees at the district court under Idaho Code section 12-121 in the event he cannot recover under section 12-120(3).

4. Whether either party is entitled to attorney fees on appeal.

## III.
## STANDARD OF REVIEW

"The interpretation of the Idaho Rules of Civil Procedure is a matter of law over which this Court has free review." *Printcraft Press, Inc. v. Sunnyside Park Utilities, Inc.*, 153 Idaho 440, 448, 283 P.3d 757, 765 (2012).

"The awarding of attorney fees and costs is within the discretion of the trial court and subject to review for an abuse of discretion." *Idaho Transp. Dep't v. Ascorp, Inc.*, 159 Idaho 138, 140, 357 P.3d 863, 865 (2015). However, "[w]hether an action is based on a commercial transaction is a question of law over which this Court exercises free review." *Id.*

## IV.
## ANALYSIS

**A. The district court did not err in concluding Gier did not waive his right to fees and costs by failing to serve Bryan Trucking within fourteen days.**

Idaho Rule of Civil Procedure 54(d)(5) provides:

> At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense, but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment. Such memorandum must state that to the best of the party's knowledge and belief the items are correct and that the costs claimed are in compliance with this rule. Failure to file such memorandum of costs within the period prescribed by this rule shall be a waiver

3

of the right of costs. A memorandum of costs prematurely filed shall be considered as timely.

Similarly, Idaho Rule of Civil Procedure 54(e)(5) provides in relevant part that "[a]ttorney fees, when allowable by statute or contract, shall be deemed as costs in an action and processed in the same manner as costs and included in the memorandum of costs."

Here, it is undisputed that Gier filed a memorandum of costs and fees with the district court fourteen days after the court entered judgment and that Gier did not serve the memorandum of costs and fees on Bryan Trucking within the same fourteen-day period.[2] Bryan Trucking moved to disallow Gier's memorandum of costs and fees on the basis that the memorandum was not timely served. The district court ruled that the motion was timely filed and that Gier's failure to serve it on Bryan Trucking within the filing period did not constitute a waiver of Gier's right to collect fees and costs.

On appeal, Bryan Trucking relies on *Williams v. Haven*, where the Court held: "A failure to both serve and file the itemized memorandum of costs within the time prescribed by the statute is fatal, and costs cannot be allowed where the statute is not complied with." 92 Idaho 439, 446–447, 444 P.2d 132, 139–140 (1968). However, *Williams* predates Rule 54(d) and (e); the case addressed the proper construction of Idaho Code section 12-113. *Williams*, 92 Idaho at 446, 444 P.2d at 139. That statute, which was repealed in 1975, provided in relevant part that

> [t]he party in whose favor the judgment is rendered and who claims his costs, must, within five days after the verdict or notice of the decision of the court or referee, file with the clerk, and serve upon the adverse party or his attorney, a copy of a memorandum of the items of his costs.

1975 Idaho Sess. Laws, ch. 242, § 1; *Williams*, 92 Idaho at 446, 444 P.2d at 139.

Bryan Trucking's reliance on a single quote construing a statute repealed over forty years ago is misplaced. The language in repealed section 12-113 clearly imposed a five-day requirement on both filing and service. By contrast, the language in Rule 54(d)(5) clearly requires that filing but not service must occur within the specified period: "*At any time* . . . any party . . . may file and serve on adverse parties a memorandum of costs . . . but such memorandum of costs . . . may not be *filed* later than fourteen (14) days after entry of judgment."

---

[2] Although Gier emailed the cost memorandum and supporting documents to Bryan Trucking's attorney within the fourteen-day period, neither party has cited or relied upon I.R.C.P. 5(b)(E), which permits service "by electronic means if the person consented in writing." The record does not reflect whether or not Bryan Trucking consented to electronic service.

I.R.C.P. 54(d)(5) (emphases added). The plain language of the rule contemplates that filing and service can occur at any time, but that waiver will occur if filing—but not service—does not occur within fourteen days. Bryan Trucking's argument for a contrary construction cannot be reconciled with the plain language of the Rule. Accordingly, we affirm the district court's conclusion that Gier did not waive his right to fees and costs by failing to serve Bryan Trucking within fourteen days.

**B. The district court did not err in concluding that there was a commercial transaction supporting an award of attorney fees to Gier under Idaho Code section 12-120(3).**

At the district court, Gier argued that he was entitled to recover attorney fees under either Idaho Code section 12-120(3) or section 12-121. The district court declined to rule whether section 12-121 applied, because it awarded fees under section 12-120(3). That code section allows a prevailing party to recover reasonable attorney fees in a case based in a commercial transaction. I.C. § 12-120(3). "The term 'commercial transaction' is defined to mean all transactions except transactions for personal or household purposes." *Id.*

"There must be a commercial transaction between the parties for attorney fees to be awarded." *Great Plains Equip. v. Nw. Pipeline Corp.*, 136 Idaho 466, 471, 36 P.3d 218, 223 (2001). "A prevailing party may rely on I.C. § 12-120(3) if pled by another party for recovery of attorney fees if it is warranted under the statute." *Id.* "[I]f a party asserts a claim that is based upon the existence of an alleged commercial transaction, attorney fees are awardable to a prevailing party who defends against such claim even if the alleged commercial transaction is found not to have existed." *Miller v. St. Alphonsus Reg'l Med. Ctr., Inc.*, 139 Idaho 825, 839, 87 P.3d 934, 948 (2003).

"[O]nly the parties to the commercial transaction are entitled to attorney fees under I.C. § 12-120(3)." *Printcraft Press*, 153 Idaho at 461, 283 P.3d at 778. "[E]ven though fees are available in cases involving a tort claim, a commercial transaction *between the parties to the lawsuit* must form the basis of the claim." *Id.* (emphasis in original). However, "even where no commercial transaction occurs between the parties, we have allowed attorney fees to a prevailing party where the losing party has alleged a commercial transaction between the parties." *DAFCO LLC v. Stewart Title Guar. Co.*, 156 Idaho 749, 758, 331 P.3d 491, 500 (2014) (citing *Garner v. Povey*, 151 Idaho 462, 470, 259 P.3d 608, 616 (2011) ("allegations in the complaint that the parties entered into a commercial transaction and that the complaining party is entitled to recover based upon that transaction, are sufficient to trigger the application of I.C. § 12-120(3)")).

5

Bryan Trucking asserts on appeal that there is no "commercial transaction" between Bryan Trucking and Gier in this case to support the application of section 12-120(3). It compares the circumstances of the present case to those in *Brower v. E.I. DuPont de Nemours & Co.*, in which the Court concluded there was no commercial transaction. 117 Idaho 780, 792 P.2d 345 (1990). In *Brower*, the Court stated:

> Brower's complaint alleges that DuPont's representations induced his reliance, causing him to purchase and apply Glean to his land, resulting in damages. The only commercial transaction involved is the purchase by Brower of the DuPont chemicals from a local co-op. If there is any contract involved in this case it is not a contract surrounding that purchase, but one that might have been implied from the facts surrounding the relationship between DuPont and Brower. We cannot say that this case revolves around a commercial transaction sufficient to implicate the terms of I.C. § 12–120(3).

117 Idaho at 784, 792 P.2d at 349. Bryan Trucking argues that the present circumstances are nearly identical: "Bryan Trucking's complaint alleges that Gier's representations induced his reliance, causing Bryan Trucking to purchase a truck resulting in damages. It is undisputed that Bryan Trucking and Gier never entered into any type of transaction or agreement in this case."

Gier argues that *Brower* is distinguishable and that Bryan Trucking's allegations of a commercial transaction suffice to render section 12-120(3) applicable. Gier points out that in *Brower* the only defendant was DuPont—the vendor with whom Brower engaged in a commercial transaction was not a party. In contrast, Gier argues, "Bryan Trucking went to great lengths in its allegations to make Gier a party to the sale of the truck." Gier notes that Bryan Trucking's amended complaint alleged that Gier was acting as an agent in fact for Ring, that Gier had committed an actionable fraud against Bryan Trucking, and that Gier had assumed a duty toward Bryan Trucking by advising it regarding the truck. Although Gier was not a named defendant on the three contract or quasi-contract claims alleged, Bryan Trucking nonetheless did allege that Gier was a party to the commercial transaction when it alleged that Gier was Ring's agent, had defrauded Bryan Trucking, and owed Bryan Trucking a duty. Accordingly, Gier may recover under section 12-120(3), and it was not error for the district court to so hold. We affirm the district court's decision awarding Gier attorney fees under section 12-120(3).

Because the district court's award of attorney fees to Gier under section 12-120(3) was proper, we need not consider whether Gier was entitled to attorney fees under section 12-121 in the alternative.

**C. Gier is entitled to attorney fees on appeal.**

Bryan Trucking requested attorney fees on appeal under Idaho Code section 12-121. Gier requested attorney fees on appeal under Idaho Code sections 12-120(3) and 12-121. Both sections allow attorney fees only to the prevailing party. I.C. §§ 12-120(3), 12-121. Gier prevailed on appeal by successfully defending against Bryan Trucking's assignments of error. As already shown, Bryan Trucking alleged that Gier was a party to the commercial transaction at issue in this case. Accordingly, Gier is entitled to attorney fees on appeal under section 12-120(3).

## V.
## CONCLUSION

The decision of the district court is affirmed. Costs and attorney fees on appeal to Gier.


Justices BURDICK, W. JONES and HORTON CONCUR.


Justice EISMANN, specially concurring.

Idaho Code section 12-120(3) provides insofar as is relevant, "In any civil action to recover . . . in any commercial transaction . . . , the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs." The statute does not require an action to recover *on* a commercial transaction. It requires that the claim be an action to recover *in* a commercial transaction. Bryan Trucking sued Gier for fraud allegedly committed in a commercial transaction. The material allegations in Bryan Trucking's amended complaint alleged:

COUNT I
(Fraud)
14. Ring, *Gier represented* to Bryan Trucking that the motor in the truck had been recently overhauled. *Such representations were false* in that the motor had not been recently and properly overhauled.
15. Additionally, *such statements* that the motor was overhauled *were false* in that the motor had been overheated to a point that significant damage occurred to the motor. Upon advising Bryan Trucking that the motor was overhauled, Ring and *Gier created a duty to also disclose* that the motor had since been overheated and damaged.
16. The false statements that the motor had been overhauled and the failure to disclose that the motor had been overheated were material because *Bryan Trucking purchased that particular truck* for the sole reason that it had an overhauled motor, and *would not have purchased the truck had the true facts been given to Bryan Trucking*.

7

. . . .

18. *Both Defendants intended for Bryan Trucking to act on the false representations* of the Defendants by purchasing a truck.

19. *Bryan Trucking* was ignorant of the fact that the truck had not been previously overhauled and that it had been previously overheated and damaged and *relied on the truth of these statements* in that Bryan Trucking purchased the truck. . . .

20. Bryan Trucking had a right to rely on these representations because Terry Gier was a known mechanic and had worked on other trucks for Bryan Trucking. Ring was aware that Terry Gier was a mechanic as Gier had previously done work for Bryan Trucking. *Gier was acting as an agent in fact for Ring at the time Gier made such representations*.

21. *As a result of Defendants' fraudulent representations, Bryan has been injured* in an amount to be determined at trial.

22. *Bryan Trucking's damages include*, but are not limited to the cost to repair the motor, cost to replace the motor and/or loss of use of the truck and income derived from the use of the truck.

23. Bryan Trucking has been damaged by an amount to be proven at trial, with such amount exceeding $10,000.

(Emphases added.)

The issue is not whether Bryan Trucking alleged a valid cause of action against Gier. It is whether Bryan Trucking filed an action seeking to recover against Gier *in* a commercial transaction. Bryan Trucking's purchase of the truck was clearly a commercial transaction, and Bryan Trucking alleged that it was entitled to recover against Gier because of statements made by Gier while acting as an agent for the seller that induced Bryan Trucking to purchase the truck. Bryan Trucking clearly sought to recover against Gier in a commercial transaction.