# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45105

THE CITY OF MIDDLETON, )
)
    Plaintiff-Counterdefendant- ) Moscow, April 2018 Term
    Respondent-Cross Appellant, )
) 2018 Opinion No. 48
v. )
) Filed: May 18, 2018
COLEMAN HOMES, LLC, an Idaho limited )
liability company; WEST HIGHLANDS, ) Karel A. Lehrman, Clerk
LLC, an Idaho limited liability company; )
WEST HIGHLANDS SUBDIVISION )
HOMEOWNERS ASSOCIATION, INC., an )
Idaho corporation; WEST HIGHLANDS )
LAND DEVELOPMENT, LLC, an Idaho )
limited liability company, )
)
    Defendants-Counterclaimants- )
    Appellants-Cross Respondents. )

Appeal from the District Court of the Third Judicial District of the State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

The judgment of the district court is affirmed.

Givens Pursley LLP, Boise of Appellant. Bradley Dixon argued.

Borton-Lakey Law Offices, Meridian, for Respondents. Joseph W. Borton argued.

_____

BURDICK, Chief Justice.

Coleman Homes, LLC, West Highlands, LLC, West Highlands Subdivision Homeowner's Association, Inc., and West Highlands Land, LLC (collectively, "Appellants") bring this appeal from the Canyon County district court. Appellants entered into two agreements with the City of Middleton (the "City") regarding impact fees and public access space for the West Highlands Ranch Subdivision (the "Project") located in Middleton, Idaho. Soon thereafter, Appellants asserted the agreements were invalid and unenforceable. In response, the City sought a judgment from the district court declaring the agreements valid and enforceable. The parties eventually

1

stipulated to the validity of the agreements. Both sides filed motions for summary judgment asking the district court to interpret the agreements. The district court ultimately ordered Appellants to designate 12.8 acres of land within the Project as public access space and ruled that Appellants were obligated to provide a financial guarantee, if necessary. Based on the summary judgment order, the district court found the City to be the prevailing party and awarded the City attorney fees under Idaho Code section 12-120(3). Appellants appeal the district court's prevailing party determination. The City cross-appeals the district court's fee award and ruling that Appellants are obligated to provide a financial guarantee, if necessary.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2006, the City approved the Project's annexation, zoning, and preliminary plat. Appellants are four entities involved with the Project. Coleman Homes, LLC ("Coleman") is the developer who constructs and markets new homes within the Project. West Highlands, LLC ("West Highlands") is part owner of the land within the Project. West Highlands Subdivision Homeowner's Association, Inc. ("West Highlands Association") is the active homeowners' association charged with maintaining and managing the Project. West Highlands Land Development, LLC ("West Highlands Land") is also part owner of the land within the Project.

Due to economic conditions in January 2009, progress on the Project slowed, and Thomas Coleman, owner of Coleman, sent a subsequent application to the City requesting modifications to the Project. In this correspondence, Mr. Coleman proposed that Coleman make certain park improvements, including "approximately 15.1 acres of individual parks with amenities" that would remain open for public use but be owned and maintained by West Highlands Association. The City approved the subsequent application in May of 2009.

When the City originally approved the Project in 2006, the City did not have an impact fee ordinance. When the City approved the modifications to the Project in May of 2009, the City still did not have an impact fee ordinance. The City first adopted an impact fee ordinance in July of 2009—Ordinance 447. However, Ordinance 447 was repealed in July 2012. In the years between Ordinance 447's adoption and repeal, the City and Appellants worked toward a resolution regarding impact fees. These negotiations eventually led to the executing and recording of two agreements: the West Highlands Impact Fee Agreement and the Parks Dedication Agreement (collectively, "Agreements").

2

The West Highlands Impact Fee Agreement ("IFA") was executed between the City, West Highlands, and Coleman. For purposes of this appeal, the relevant language of the IFA states:

> **4.3**    Notwithstanding the above, in accordance with Idaho Code Section 67-8215(2), Developer [Coleman] shall not be subject to development impact fees or credits thereof subsequently adopted by the City for portions of the development where construction has commenced and is pursued according to the terms of the permit or development approval.
> . . . .
> **3.    Financial Guarantee.** In the event that Developer applies for building permits before completion of the equivalent service level of Parks and Streets, Developer shall provide one or more financial guarantees, the form of which shall be approved by the City, for Parks and Streets yet to be completed.
> . . . .
> **6.    Attorneys' Fees and Costs.** . . . In the event a suit or action is filed by either party against the other to interpret or enforce this Agreement, the unsuccessful party to such litigation agrees to pay to the prevailing party all costs and expenses, including attorneys' fees incurred therein, including the same with respect to an appeal.

In sum, the IFA was an agreement that the City would not impose impact fees adopted in the future against Coleman and West Highlands for the Project.

The Parks Dedication Agreement ("PDA") was executed between the City and West Highlands Association. The PDA ensured that areas within the Project would remain open to the public but were to be maintained and managed by West Highlands Association. For purposes of this appeal, the relevant language of the PDA states: "[t]he park lands in the Community subject to this Agreement shall be those park lands, constituting approximately 12.80 acres . . . ." The PDA, like the IFA, also mentions attorney fees. In that regard, paragraph nine of the PDA states: "Any dispute pertaining to the performance, interpretation or enforcement of this Agreement shall be subject to mediation. . . . The Parties shall share the mediator's fee and other costs of the mediation fees equally; provided, however, each Party shall bear its own legal fees."

After repealing Ordinance 447, the City adopted a new impact fee ordinance in 2015—Ordinance 541.[1] The validity of the Agreements came into question at that time and the City sought declaratory relief that the Agreements were, in fact, valid and enforceable. The City

---

[1] Ordinance 541 provided the City authority to "collect a $1,485.00 City park impact fee at the time each new construction residential building permit was issued." Such ordinance was not applicable to Appellants because the IFA established that Appellants "shall not be subject to development impact fees or credits thereof subsequently adopted by the City for portions of the development where construction has commenced . . . ."

began collecting impact fees from Appellants after Appellants repeatedly denied the enforceability of the Agreements.[2] On March 1, 2016, Appellants amended their original answer and conceded the validity of the Agreements. The district court entered an order on April 21, 2016, declaring the Agreements were valid and enforceable. The City returned all fees collected during the course of this initial litigation to Appellants on April 22, 2016.

The parties then filed cross-motions for summary judgment asking the district court to interpret the Agreements. Appellants argued the Project was responsible for 6.92 acres of public access space under the PDA. Conversely, the City argued the Project was responsible for 15.1 acres of public access space under the PDA. The district court found the terms of the PDA were plain and unambiguous; the Project was responsible for 12.8 acres of public access space. The district court ordered Coleman to develop and designate 12.8 acres of land within the Project as open space available to the public and such space was to be owned, maintained, and operated by West Highlands Association. Additionally, the court ordered that "Coleman must provide one or more financial guarantees if Coleman applie[d] for building permits before completi[ng] the equivalent service level of parks and streets."

The judgment was signed by the district court judge on November 2, 2016, and filed by the clerk on November 7, 2016. Both sides filed petitions for attorney fees and costs. The City and Appellants both sought to enforce the IFA in regards to attorney fees, but neither cited the PDA. The City's attorney fees amounted to $37,397.55. Appellants' attorney fees amounted to $120,847.50. Appellants moved to strike the City's petition for attorney fees and costs alleging the petition was untimely filed and served, but that motion was denied.

The district court ultimately found the City to be the prevailing party and awarded attorney fees, in the amount of $28,048.17, under Idaho Code section 12-120(3). Appellants timely appealed the district court's prevailing party determination and the district court's finding that the City's petition for attorney fees was timely served and filed. The City cross-appealed the district court's attorney fees award and a purported clerical error in the second amended judgment listing West Highlands as the party obligated to provide a financial guarantee, as opposed to Coleman.

---

[2] After Appellants argued the Agreements were void and unenforceable, the City began to collect impact fees pursuant to Ordinance 541, an action the City would have taken if no agreement had been reached by the parties.

4

## II.    ISSUES ON APPEAL

1. Whether the district court abused its discretion in declaring the City the prevailing party.

2. Whether the district court's finding that the City's petition for attorney fees and costs was timely filed and served is based on substantial and competent evidence.

3. Whether the district court abused its discretion in awarding the City attorney fees in the amount of $28,048.17.

4. Whether the district court erred in the second amended judgment by ruling that West Highlands, LLC was obligated to provide the City a "financial guarantee."

5. Whether Appellants or the City are entitled to attorney fees on appeal.

## III.    ANALYSIS

### A.    The district court did not abuse its discretion in declaring the City the prevailing party.

The prevailing party determination is within the "sound discretion of the district court and will not be disturbed absent an abuse of discretion." *Oakes v. Boise Heart Clinic Physicians, PLLC*, 152 Idaho 540, 542, 272 P.3d 512, 514 (2012) (citing *Jorgensen v. Coppedge*, 148 Idaho 536, 538, 224 P.3d 1125, 1127 (2010)).

> When examining whether a district court abused its discretion, this Court considers whether the district court: (1) perceived the issue as one of discretion; (2) acted within the outer boundaries of that discretion and consistently within the applicable legal standards; and (3) reached its decision by an exercise of reason.

*Id*. at 543, 272 P.3d at 515. This Court will only reverse the district court's determination of which party prevailed in the "rarest of circumstances." *Id*. (citing *Shore v. Peterson*, 146 Idaho 903, 914, 204 P.3d 1114, 1125 (2009)).

The prevailing party analysis is guided by Rule 54 of the Idaho Rules of Civil Procedure. I.R.C.P. 54(d)(1)(B); *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 718–19, 117 P.3d 130, 132–33 (2005).

> In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

I.R.C.P. 54(d)(1)(B). Thus, there are three principal factors to consider in the prevailing party analysis: "(1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the

parties prevailed on each of the claims or issues." *Nguyen v. Bui*, 146 Idaho 187, 192, 191 P.3d 1107, 1112 (Ct. App. 2008). Further, the prevailing party determination is based on the action as a whole. *Oakes*, 152 Idaho at 545, 272 P.3d at 517. The question is not to be examined claim-by-claim. *Eighteen Mile*, 141 Idaho at 719, 117 P.3d at 133.

In its decision regarding attorney fees and costs, the district court stated, "[d]etermination of the prevailing parties in a civil action is committed to the sound discretion of the trial court," thus recognizing the prevailing party determination as one of discretion. The district court also acted consistently with applicable legal standards, citing both Rule 54 of the Idaho Rules of Civil Procedure and relevant case law. Thus, the district court will have abused its discretion only if it failed to reach its ultimate decision by an exercise of reason.

The district court's ultimate decision stated:

> Overall, Middleton prevailed in this action. The Court granted Middleton's request for declaratory relief by ordering that the IFA and the PDA are valid and enforceable. On the ultimate issue of open space acreage, the Court's 12.8-acre determination is much closer to Middleton's position than Coleman's (a 2.3-acre difference versus a 5.88-acre difference). Middleton also avoided liability on Coleman's breach of contract claim.

Appellants argue the district court's decision was in error. According to Appellants, the district court erred in its prevailing party analysis by: (1) considering the declaratory judgment; (2) not considering the impact fees the City returned to the Appellants; and (3) not considering that Appellants were four separate entities. For the reasons to be discussed, the district court did not abuse its discretion. The district court's determination that the City prevailed is affirmed.

1. The district court did not abuse its discretion by considering the declaratory judgment in its prevailing party analysis.

Appellants argue the district court erred in considering the declaratory judgment in its prevailing party analysis. This argument is based on the notion that Appellants admitted early in the case, before summary judgment proceedings, that the Agreements were valid and enforceable. This argument is unpersuasive.

The City sought declaratory relief after Appellants repeatedly asserted that the Agreements they voluntarily entered into were void and unenforceable. Appellants first asserted that the Agreements were void and unenforceable at a public hearing on April 20, 2015. Appellants then sent two letters to the City asserting the Agreements were void and unenforceable on the respective dates of May 18, 2015, and May 20, 2015. And again on August

13, 2015, Appellants reaffirmed their stance that the Agreements were void and unenforceable. After Appellants' repeated assertions that the Agreements were void and unenforceable, the City petitioned the district court to declare that the Agreements were, in fact, valid and enforceable. Appellants, in accordance with their prior assertions, initially answered that the Agreements were void and unenforceable. Months later, with leave of court, Appellants amended their answer where they then agreed that the Agreements were valid. In the declaratory ruling the district court stated, "[c]onsistent with the agreement of the parties . . . the [IFA] . . . and the [PDA] . . . are valid and enforceable." Later, in its decision and order awarding attorney fees, the district court considered the declaratory relief granted to the City in its prevailing party analysis.

A district court does not abuse its discretion when the court considers settlements reached by the respective parties in its prevailing party analysis. *Hobson Fabricating Corp. v. SE/Z Constr., LLC*, 154 Idaho 45, 49, 294 P.3d 171, 175 (2012) (citing *Bolger v. Lance*, 137 Idaho 792, 797, 53 P.3d 1211, 1216 (2002)). In *Hobson*, the district court based its prevailing party determination, in part, on a settlement agreement. *Id*. This Court noted that some jurisdictions do not permit settlement agreements to be considered in a prevailing party determination because such considerations may discourage future settlements. *Id*. at 50–51, 294 P.3d at 176–77 (referencing California laws that bar "attorney fees in contract cases . . . when those cases end in settlement in order to encourage settlement and to avoid the 'maintenance of pointless litigation' "). Cognizant of the above concern, this Court concluded courts may "allow attorney fees when the outcome of the settlement clearly indicates that a party substantially received the result it sought to achieve through litigation." *Id*. at 51, 294 P.3d at 177. Settlements, or some form thereof, are not alone controlling but can be a factor used in the prevailing party determination. *Id*. (citing *Bolger*, 137 Idaho at 797, 53 P.3d at 1216). This Court in *Hobson* ultimately held the district court did not abuse its discretion in its prevailing party determination by considering the settlement agreement. *Id*.

In this case, the declaratory judgment stating the Agreements were valid and enforceable was based upon a stipulation entered into by the City and Appellants. Consistent with *Hobson*, a district court does not abuse its discretion when it considers agreements entered into by the parties in its prevailing party determination. 154 Idaho at 51, 294 P.3d at 177. Further, although the agreement was eventually reached by all parties, we acknowledge that the City had requested the Agreements be declared valid and enforceable from the beginning of and throughout the

7

litigation. Indeed, it was Appellants' conduct denying the enforceability of the Agreements that finally prompted the City to sue. Thus, the City substantially obtained the relief it sought. Because the City obtained the relief it sought, the district court found the declaratory judgment was entered in the City's favor and the City prevailed in that regard. As this Court has held, such considerations are not an abuse of discretion. *See id.* at 51, 294 P.3d at 177.

Additionally, while the parties' agreement alone may not have supported the district court's determination, that agreement combined with other considerations was sufficient. In addition to the declaratory judgment, the district court considered the acreage amount awarded. The district court found the City prevailed on the acreage amount because the 12.8 acres awarded under the PDA was closer to the amount requested by the City than the amount requested by Appellants. The district court also considered the dismissed counterclaim in its determination. The counterclaim arose in Appellants' amended answer where Appellants, contrary to their original position, asked the court to find the Agreements valid and enforceable. According to Appellants, the City breached the Agreements by collecting impact fees in the amount of $1,485 in accordance with Ordinance 541. The district court ultimately dismissed the counterclaim because the City returned all collected fees to Appellants after the Agreements were declared valid and enforceable, and thus, the City did not breach the terms of the IFA. The district court, finding that the City avoided all liability on Appellants' counterclaim, found the City prevailed in this regard. Therefore, the district court did not abuse its discretion in considering the declaratory judgment, in addition to the acreage award and the dismissed counterclaim, in its prevailing party analysis.

2. The district court did not abuse its discretion by failing to consider the impact fees the City returned to Appellants in its prevailing party analysis.

Appellants argue the district court abused its discretion because the district court did not consider the impact fees returned by the City in its prevailing party analysis. Appellants claim they prevailed on the breach of contract counterclaim because the City returned all fees collected. According to Appellants, the district court should have considered this action in its prevailing party analysis. This argument is misleading and also unpersuasive.

The district court did not abuse its discretion by failing to consider the returned impact fees because it was Appellants' actions that precipitated the litigation and the collection of fees pursuant to Ordinance 541. *See Idaho Mil. Hist. Soc'y, Inc. v. Maslen*, 156 Idaho 624, 630, 329 P.3d 1072, 1078 (2014). This Court holds that a district court does not abuse its discretion in

8

determining which party prevailed when the district court examines the underlying purpose of the litigation. *See id*. In *Maslen*, plaintiffs who had title to a historical airplane brought an action against defendants who refused to surrender possession of the airplane and subsequently placed a lien on the airplane. *Id*. The district court found plaintiffs to be the prevailing party because "the primary issues of litigation arose from the dispute relating to possession of the [airplane]." *Id*. Defendants appealed arguing the district court abused its discretion by failing to consider that defendants avoided damages and thus were successful on the majority of the presented claims. *Id*. In holding that the district court did not abuse its discretion, this Court reasoned that although defendants were successful at avoiding damages, it was defendants' actions that primarily precipitated the litigation; had defendants surrendered the airplane that belonged to plaintiffs, the litigation would not have been necessary. *Id*. This Court ultimately held that the district court did not abuse its discretion in considering why the litigation arose. *Id*.

Appellants claim they asserted the Agreements were void and unenforceable in response to the City "surreptitiously collecting impact fees." However, the record reflects that the City did not charge Appellants any impact fees until August 28, 2015. This date is significant because Appellants first argued that the Agreements were void and unenforceable at a public hearing on April 20, 2015. On May 18, 2015, the City received Appellants' first letter declaring the Agreements void and unenforceable. On May 20, 2015, the City received another letter from Appellants declaring the Agreements void and unenforceable. And again on August 13, 2015, Appellants reaffirmed their stance that the Agreements were void and unenforceable. The above-discussed correspondence illustrates it was only after Appellants repeatedly claimed the Agreements to be void and unenforceable that the City began collecting impact fees pursuant to Ordinance 541 and not in accordance with the Agreements. After the Agreements were found to be valid and enforceable, the City returned all fees collected while the litigation was pending. In fact, the fees were returned to Appellants the very next day.

Like this Court held in *Maslen*, a district court's prevailing party determination is not an abuse of discretion when the court considers why the litigation was necessary. 156 Idaho at 630, 329 P.3d at 1078. In *Maslen*, had defendants surrendered possession of the airplane that belonged to plaintiffs when requested, plaintiffs would not have needed to bring legal action. *Id*. Here, had Appellants not asserted the Agreements were invalid, the City would not have pursued litigation and the City would not have collected any impact fees. Therefore, the district court did

not abuse its discretion in failing to consider the returned impact fees in its prevailing party determination.

Additionally, the "prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile*, 141 Idaho at 719, 117 P.3d at 133. The "mere fact that a party is successful in asserting or defeating a single claim does not mandate an award of fees to the prevailing party on that claim." *Id.* (quoting *Chenery v. Agri-Lines Corp.*, 106 Idaho 687, 692–93, 682 P.2d 640, 645–46 (Ct. App. 1984)). The determination should be based on what party prevailed on the "primary issues of [the] litigation." *Maslen*, 156 Idaho at 630, 329 P.3d at 1078.

Here, the district court stated that the ultimate issue of the litigation was the acreage determination. The district court was correct in declaring the acreage amount to be the ultimate issue of the litigation because after the Agreements were declared valid and enforceable, the counterclaim was dismissed and the acreage amount was the only remaining dispute among the parties. Appellants also acknowledged that interpretation of the PDA, in regards to the acreage amount, was the only issue to be resolved on summary judgment. Thus, the district court did not abuse its discretion by failing to consider the fees returned by the City because the breach of contract counterclaim was not the primary issue of the litigation.

3. The district court did not abuse its discretion by failing to consider that Appellants were four separate entities in its prevailing party analysis.

Appellants argue that the district court erred in its prevailing party analysis because the district court did not consider that Appellants were four separate entities. For the reasons discussed below, this argument does not persuade us.

According to Appellants, *Gunter v. Murphy's Lounge, LLC*, 141 Idaho 16, 21–23, 105 P.3d 676, 681–83 (2005), controls this issue. In *Gunter*, plaintiff sued two companies she had entered into commercial leases with and also sued the two individuals who acted as agents of the companies in signing the leases. *Id.* The district court found plaintiff to be the prevailing party and awarded attorney fees pursuant to Idaho Code section 12-120(3) against all four defendants. *Id.* at 32, 105 P.3d at 692. On appeal, this Court categorized the lease agreements as commercial transactions. *Id.* Based on that categorization, this Court went on to conclude that attorney fees could only be awarded against the companies who entered into the commercial transactions under section 12-120(3), not against the individuals who signed the agreements as agents of the companies. *Id.* This Court ultimately held the district court did not err in awarding attorney fees

10

against the companies involved in the commercial transactions, but did err in awarding attorney fees against the individuals who were simply acting on behalf of the companies and thus were not actually involved in the underlying commercial transaction. *Id*.

Appellants assert *Gunter* establishes that district courts may only award attorney fees against signatories to commercial transactions. Appellants misread *Gunter*. *Gunter* does not hold that attorney fees under section 12-120(3) can only be awarded against signatories but instead holds that attorney fees can only be awarded against parties involved in the underlying commercial transaction. *Id.* Appellants are unlike the individual defendants in *Gunter* because although all four Appellants were not signatories to the controlling Agreements, all four Appellants were involved with the underlying commercial transaction as will be discussed below.

Here, Appellants represented themselves as interested parties under the Agreements by seeking declaratory relief under Idaho's Uniform Declaratory Judgment Act. In relevant part, Idaho's Declaratory Judgment Act provides:

> Any *person interested* under a deed, will, written contract or other writings constituting a contract or any oral contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

I.C. § 10-1202 (emphasis added). Appellants' amended answer stated that all four Appellants were "interested parties in the construction and validity of a statute, contract and/or instrument and are therefore entitled to a declaratory judgment with regard to the validity of [the City's] conduct." Regardless that all four were not signatories to the Agreements, all four alleged they were interested parties and involved with the Agreements. Thus, the district court did not err in treating the four Appellants, all interested parties under the "statute, contract and/or instrument," as one and issuing the declaratory ruling and subsequent decisions against Appellants as one.

Even if the district court erred, Appellants' argument is still barred by the invited error doctrine. This Court continually holds that a party cannot "successfully complain of errors [the party] has acquiesced in or invited." *Taylor v. McNichols*, 149 Idaho 826, 833, 243 P.3d 642, 649 (2010) (quoting *State v. Owsley*, 105 Idaho 836, 838, 673 P.2d 436, 438 (1983)). "The doctrine of invited error applies to estop a party from asserting an error when [the party's] own conduct induces the commission of the error." *Thomson v. Olsen*, 147 Idaho 99, 106, 205 P.3d 1235,

1242 (2009) (quoting *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993)). Because the party invited the error, such errors are not reversible. *Id.* (quoting *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985)). "The purpose of the invited error doctrine is to prevent a party who caused or played an important role in prompting a trial court to [take certain action] from later challenging that [action] on appeal." *McNichols*, 149 Idaho at 834, 243 P.3d at 650 (quoting *Woodburn v. Manco*, 137 Idaho 502, 505, 50 P.3d 997, 1000 (2002)).

In this case, Appellants played a significant role in causing the district court to treat them as a single entity when awarding attorney fees. As mentioned above, all four Appellants initially sought declaratory relief and asserted counterclaims collectively. At all times throughout the litigation, all four Appellants were listed collectively as defendants, were represented by the same two attorneys, and all work regarding the litigation was pooled together, as is evident in Appellants' petition for attorney fees and costs. Likewise, Appellants' counsel's affidavit regarding the Appellants' attorney fees refers to Appellants throughout as the singular "client," not clients. Further, in the deposition of Thomas Coleman, Mr. Coleman answered questions on behalf of all four entities. The above examples illustrate that Appellants induced the district court's error that Appellants, although separate business entities, were acting as one. Therefore, the invited error will not be reversed on appeal.

In sum, the district court perceived the prevailing party determination as discretionary, acted consistently with applicable legal standards and case law, and reached its ultimate decision by exercising reason. Therefore, the district court did not abuse its discretion in finding that the City prevailed. We affirm the district court's prevailing party determination.

**B.** **The district court did not err in finding the City's Petition for Attorney Fees and Costs was timely filed and served.**

"This Court will not set aside a trial court's findings of fact unless the findings are clearly erroneous." *Mortensen v. Berian*, 163 Idaho 47, ___, 408 P.3d 45, 48 (2017) (quoting *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009)). "Clear error will not be deemed to exist if the findings are supported by substantial and competent, though conflicting, evidence." *Id.* (quoting *Pandrea v. Barrett*, 160 Idaho 165, 171, 369 P.3d 943, 949 (2016)). Evidence is substantial and competent if a reasonable trier of fact could accept and rely upon the evidence in making a factual finding. *Id.* (citing *Greenfield v. Wurmlinger*, 158 Idaho 591, 598, 349 P.3d 1182, 1189 (2015)).

Rule 54 of the Idaho Rules of Civil Procedure governs the filing of a memorandum of costs. I.R.C.P. 54(d)(4) states:

> At any time after the verdict of a jury or a decision of the court, but not later than 14 days after entry of judgment, any party who claims costs may file and serve on adverse parties a memorandum of costs, itemizing each claimed expense. The memorandum must state that to the best of the party's knowledge and belief that the items are correct and that the costs claimed are in compliance with this rule. Failure to timely file a memorandum of costs is a waiver of the right to costs. A memorandum of costs prematurely filed is considered as timely.

A paper, like a judgment, is filed when the paper is delivered to "a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." I.R.C.P. 5(d)(2)(B). "The filing of a judgment by the court as provided in Rule 5(d) *or* the placing of the clerk's filing stamp on the judgment constitutes entry[.]" I.R.C.P. 58 (emphasis added). This Court holds that the "word 'or' . . . is '[a] disjunctive particle used to express an alternative or to give a choice of one among two or more things.' " *Markel Intern. Ins. Co., Ltd. v. Erekson*, 153 Idaho 107, 110, 279 P.3d 93, 96 (2012) (quoting *Frasier v. Frasier*, 87 Idaho 510, 514, 394 P.2d 294, 296 (1964)). Thus, the word "or" often connects a series of words or propositions and presents a choice of either. *Frasier*, 87 Idaho at 514, 394 P.2d at 297.

Here, Appellants argue the district court erred in finding the City's petition for attorney fees and costs was timely filed and served. In regards to the filing, the petition was filed by the City on November 17, 2016. According to Appellants, judgment was entered when the judge signed the judgment on November 2, 2016. According to the City, judgment was entered when the clerk placed the filing stamp on the judgment on November 7, 2016. The district court agreed with the City and found judgment was entered on November 7, 2016. The district court thus found the petition was timely filed.

We agree with the district court. Although Rule 58 states that a judgment is filed "as provided in Rule 5(d) or the placing of the clerk's filing stamp on the judgment," in this case nothing indicates that the district court's act of signing the judgment constituted entry of judgment. The only indication of the judgment's filing date here is the clerk's filing stamp. *Accord State v. Ciccone*, 150 Idaho 305, 306–07, 246 P.3d 958, 959–60 (2010) (" '[T]he placing of the clerk's filing stamp on the judgment constitutes the entry of the judgment; and the judgment is not effective before such entry.' Thus, in order to be effective, a judgment must be file stamped by the clerk of court." (citation omitted)); *City of Preston v. Baxter*, 120 Idaho 418,

420, 816 P.2d 975, 977 (1991) ("The placing of the clerk's filing stamp on the judgment constituted the entry of the judgment."). As such, the district court properly found that the petition was timely filed.

In regards to service, Appellants argue the district court erred in finding the City's petition for attorney fees and costs was timely served. Appellants claim they provided evidence in the form of an affidavit "outlining the fax receipt and logging procedures" used by Appellants' firm, as well as "detailing the efforts to obtain a copy of the unserved petition." Appellants further allege the City "provided no rebuttal, was careful at argument not to represent that the documents were definitively served, and noted only that a certificate of service was attached to the documents alleging service on November 17, 2016." The City argues the finding was proper because the petition for attorney fees and costs was served via facsimile and all pleadings within the record exhibited a service date of November 17, 2016.

The district court cited to *Allstate Insurance Company v. Mocaby* in its decision regarding the timeliness of service. 133 Idaho 593, 990 P.2d 1204 (1999). In *Allstate*, appellant argued that the district court erred in awarding respondent's motion for attorney fees and costs. *Id*. at 599, 990 P.2d at 1210. Respondent rebutted the motion alleging that appellant failed to make a timely objection to its motion for attorney fees and costs. *Id*. In order for an objection to be timely, the objection had to be made within fourteen (14) days of service of the memorandum of fees and costs.[3] *Id*. at 600, 990 P.2d at 1211; I.R.C.P. 54(d)(5). The discrepancy arose when evidence of service was presented displaying "a handwritten note at the top of the memorandum" dated July 11, 1997, and a certificate of service also dated July 11, 1997. *Id*. These items were compared to the time stamp of the allegedly served facsimile which was dated July 23, 1997. *Id*. To add to the confusion, the memorandum lacked any filing stamp by the clerk of the district court. *Id*. Respondent was unable to explain the discrepancy and could not verify that the memorandum was actually served on July 11, 1997. *Id*. The Court, unable to determine from the record when the memorandum was served, held the objection was timely and entertained the motion on its merits. *Id*.

---

[3] At the time *Allstate* was decided, Rule 54(d)(6) governed objections to costs. Today, Rule 54(d)(5) governs objections to costs. The relevant language for purposes of this illustration is identical; a party objecting to costs must object "within 14 days of service of a memorandum of costs[.]" I.R.C.P. 54(d)(5); *Allstate*, 133 Idaho at 600, 990 P.2d at 1211.

14

Further, Rule 54(d)(4) does not require service to be completed within the fourteen-day filing period prescribed under the rule.[4] *See Bryan Trucking, Inc. v. Gier*, 160 Idaho 422, 425, 374 P.3d 585, 588 (2016). In *Gier*, respondent filed a memorandum of costs within the fourteen-day filing period and emailed a copy of the documents to appellant. *Id*. at 424, 374 P.3d at 587. Appellant filed a motion to disallow attorney fees asserting respondent had failed to timely serve the memorandum of costs. *Id*. On appeal, it was undisputed that respondent failed to serve the memorandum within the fourteen-day period. *Id*. at 425, 374 P.3d at 588. However, this Court held "the plain language of the rule contemplates that filing and service can occur at any time, but that waiver will occur if filing—but not service—does not occur within fourteen days." *Id*. at 426, 374 P.3d at 589. Thus, failing to serve a memorandum of costs within the fourteen-day period specified by the rule does not constitute a waiver of attorney fees. *Id*.

Here, Appellants dispute the service of the City's petition. According to Appellants, the petition was served on November 28, 2017. However, Appellants only provided a single Affidavit from counsel that did not contradict the service date listed in the record of November 17, 2016. That affidavit stated "[a]fter a review of my files and a search of documents our office received by fax, it became evident that my office did not receive service copies of the Memorandum of Affidavit." Only after serving the motion to strike the City's petition for attorney fees and costs did Appellants contact opposing counsel to obtain a copy of the petition. A copy was provided to Appellants the same day with a certificate of service dated November 17, 2016. That date matches the clerk's filing stamp. The affidavit goes on to state that the Appellants' firm "utilizes a centralized electronic facsimile receipt and delivery system . . . [that] creates a log of all incoming facsimiles." However, no log was provided to the district court. Nor is any log included in the record on appeal.

The district court, unclear of the actual service date and unpersuaded by Appellants' evidence, found *Allstate* to be controlling. The Court stated "[d]efendant's objection to costs and fees was deemed timely where the court was unable to determine from the record when the

---

[4] In *Gier*, a memorandum of costs was then governed by Rule 54(d)(5). 160 Idaho at 425, 374 P.3d at 588. A memorandum of costs is now governed by Rule 54(d)(4). However, the relevant language is substantially identical. In *Gier*, the language of the rule stated: "[*f*]*ailure to file* such memorandum of costs within the period prescribed by this rule *shall be a waiver of the right of costs*." 160 Idaho at 425, 374 P.3d at 588 (quoting I.R.C.P. 54(d)(5) (2015) (emphases added)). The language of Rule 54(d)(4) states: "[*f*]*ailure to timely file* a memorandum of costs *is a waiver of the right to costs*." I.R.C.P. 54(d)(4) (emphases added). Thus, both the rule in *Gier* and Rule 54(d)(4) state that waiver only occurs if the memorandum is not *filed* within the fourteen-day time period; timeliness of *service* is irrelevant in the waiver analysis.

memorandum of costs was filed." Here, the district court could not determine from the record the actual service date and, thus, found the City's petition timely in accordance with *Allstate*. Additionally, as was held in *Gier*, even if the City failed to serve its memorandum of costs within the fourteen day period specified by Rule 54(d)(4), such failure does not constitute waiver of the right of attorney fees. Therefore, it cannot be said that the district court's decision was clear error because it is supported by the certificate of service, the filing stamp, and service of a memorandum of costs within fourteen days is not required under Rule 54(d)(4). The district court's finding that the City timely filed and served its petition for attorney fees and costs is affirmed.

**C.      The district court's award of attorney fees was not erroneous.**

After the district court declared the City to be the prevailing party, the district court, pursuant to Idaho Rule of Civil Procedure 54(e)(1) and Idaho Code section 12-120(3), awarded attorney fees in the amount of $28,048.17 to the City. The City alleges the district court erred in only awarding part, but not all, attorney fees incurred because the IFA states "the unsuccessful party to such litigation agrees to pay to the prevailing party all costs and expenses, including attorneys' fees incurred." According to the City, the district court should have awarded all attorney fees incurred and should not have assessed the reasonableness of requested fees under Idaho Rule of Civil Procedure 54(e)(3).

"The calculation of reasonable attorney fees [under Idaho Code section 12-120(3)] is within the discretion of the trial court[,]" and this Court will not disturb such calculations absent an abuse of discretion. *Farrell v. Whiteman*, 152 Idaho 190, 196, 268 P.3d 458, 464 (2012) (quoting *Parsons v. Mut. of Enumclaw Ins. Co.*, 143 Idaho 743, 747, 152 P.3d 614, 618 (2007)). "This Court considers whether the district court: (1) perceived the issue as one of discretion; (2) acted within the outer boundaries of that discretion and consistently within the applicable legal standards; and (3) reached its decision by an exercise of reason" in determining whether a district court abused its discretion. *Oakes*, 152 Idaho at 543, 272 P.3d at 515 (citing *Jorgensen*, 148 Idaho at 538, 224 P.3d at 1127). The party opposing an award has the burden of demonstrating the district court abused its discretion. *Lettunich v. Lettunich*, 145 Idaho 746, 749, 185 P.3d 258, 261 (2008) (citing *E. Idaho Agric. Credit Ass'n v. Neibaur*, 133 Idaho 402, 412, 987 P.2d 314, 324 (1999)).

Rule 54(e)(1) of the Idaho Rules of Civil Procedure states that "[i]n any civil action the court may award reasonable attorney fees . . . to the prevailing party or parties . . . when provided for by any statute or contract." Idaho Code section 12-120(3) provides that:

> [i]n any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

Thus, pursuant to the Idaho Rules of Civil Procedure and Idaho Code, the district court has authority to award attorney fees to prevailing parties in a civil action involving a commercial transaction, such as this action.

In this case, the district court did not err by awarding a "reasonable" amount of attorney fees. Section 6 of the IFA reads:

> [i]n the event a suit or action is filed by either party against the other to interpret of enforce this Agreement, the unsuccessful party to such litigation agrees to pay to the prevailing party all costs and expenses, including attorneys' fees incurred therein, including the same with respect to an appeal.

Conversely, the relevant section of the PDA states: "[t]he Parties shall share the mediator's fee and other costs of the mediation fees equally; provided, however, each Party shall bear its own legal fees." Because the language from the Agreements regarding fees is incongruent, the question arises whether the PDA's terms amended, nullified, or otherwise modified the attorney fee provision of the IFA or vice versa. This question was not raised below. *See, e.g.*, *Obenchain v. McAlvain Constr., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006) ("[A]ppellate courts will not consider new arguments raised for the first time on appeal."). Nor did the parties raise the issue on appeal with cogent argument or authority. *See, e.g.*, *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) ("A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking."). Thus, we will not address it here. However, we affirm the district court's reasonable fee award for the reasons discussed below.

When authorized to fashion an award of reasonable attorney fees, the district court is directed to consider the following factors:

> (A) the time and labor required; (B) the novelty and difficulty of the questions; (C) the skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law; (D) the prevailing charges for like work; (E) whether the fee is fixed or contingent; (F) the time limitations imposed by the client or the circumstances of the case; (G) the amount involved

17

and the results obtained; (H) the undesirability of the case; (I) the nature and length of the professional relationship with the client; (J) awards in similar cases; (K) the reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonable necessary in preparing a party's case; [and] (L) any other factor which the court deems appropriate in the particular case.

I.R.C.P. 54(e)(3). In this case, the district court awarded attorney fees pursuant to section 12-120(3). The district court examined every factor of Rule 54(e)(3) and ultimately calculated a reasonable fee award of $28,048.17. The district court recognized its discretion in awarding reasonable attorney fees, applied governing legal standards and exercised reason by examining all the factors of Rule 54(e)(3). Thus, the district court did not abuse its discretion in awarding attorney fees. Because we conclude the district court did not abuse its discretion, we affirm the district court's fee award.

### D.    The second amended judgment contains a clerical error.

The City argues the second amended judgment is erroneous. Paragraph four of the second amended judgment states, "West Highlands, LLC must provide the City of Middleton one or more financial guarantees consistent with the terms and conditions of Section 3 of the Impact Fee Agreement." This statement is in direct conflict with Section 3 of the IFA which reads, "**Financial Guarantee**. In the event that Developer applies for building permits before completion of the equivalent service level of Parks and Streets, Developer shall provide one or more financial guarantees, the form of which shall be approved by the City, for Parks and Streets yet to be completed." The "[d]eveloper" is clearly defined in the IFA as Coleman, not West Highlands.

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." I.R.C.P. 60(a). Clerical mistakes are described as

> errors in which the "type of mistake or omission [is] mechanical in nature which is apparent in the record and which does not involve a legal decision or judgment by an attorney. The clerical mistake . . . can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.

*Vierstra v. Vierstra*, 153 Idaho 873, 878–79, 292 P.3d 264, 269–70 (2012) (quoting *Silsby v. Kepner*, 140 Idaho 410, 411, 95 P.3d 28, 29 (2004)). This Court is entitled to make such corrections. *Weekes v. Weekes*, 101 Idaho 213, 214, 611 P.2d 133, 134 (1980) ("[T]he failure to

18

award . . . clearly arose from omission or oversight. Such mistakes are subject to correction by the court pursuant to I.R.C.P. 60(a). The judgement is ordered so corrected. . . .").

The mistake in the second amended judgment is clearly a clerical mistake; the second amended judgment lists the wrong party, West Highlands, as the party obligated to provide a financial guarantee. The record clearly establishes Coleman as the party obligated to provide a financial guarantee. In addition, Appellants' attorney appropriately conceded at oral argument that the second amended judgment contains a clerical error. Therefore, we order the second amendment judgment be corrected to list Coleman as the party obligated to provide a financial guarantee.

## E. Attorney fees on appeal.

Both the City and Appellants have requested attorney fees on appeal. The City requests attorney fees under Idaho Code section 12-120(3) and the "unambiguous terms of the parties' written contract." The Appellants request attorney fees under Idaho Code section 12-120(3) and the "operative agreements as the prevailing party on appeal."

Section 12-120(3) permits a prevailing party to recover reasonable attorney fees in any commercial transaction. However, based on the above discussion, Appellants and the City both prevail in part. Specifically, Appellants prevail on their assertion that the district court did not err in awarding attorney fees in the amount of $28,048.17. The City prevails on the prevailing party determination, the ruling on the City's petition for attorney fees and costs, and correcting the clerical mistake in the second amended judgment. Since Appellants and the City both prevail in part on appeal, attorney fees on appeal are improper. *E.g.*, *Tapadeera, LLC v. Knowlton*, 153 Idaho 182, 189, 280 P.3d 685, 692 (2012).

## IV. CONCLUSION

We affirm the district court's prevailing party determination, the district court's ruling on the City's petition for attorney fees and costs, and the district court's award of attorney fees. It is also ordered the clerical error in the second amended judgment be corrected by designating Coleman as the party obligated to provide a financial guarantee. Neither party is awarded attorney fees or costs on appeal.

Justices, HORTON, BRODY, BEVAN and HAYNES, J. Pro Tem, **CONCUR.**