# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 51049

SUNNYSIDE PARK UTILITIES, INC., an Idaho Corporation )
)
)
    Plaintiff-Respondent-Cross-Appellant, )
)
v. )
)
DONALD SORRELLS, )
)
    Defendant-Appellant Cross-Respondent. )
)

Boise, February 2025 Term

Opinion Filed: April 4, 2025

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Bruce L. Pickett, District Judge.

The district court's judgment is <u>affirmed</u>.

Olsen Taggart, PLLC, Idaho Falls, for Appellant, Donald Sorrells. Steven Taggart argued.

Fuller & Beck, Idaho Falls, for Respondent, Sunnyside Park Utilities, Inc. Paul Fuller argued.

---

BEVAN, Chief Justice.

This appeal concerns how water is consumed and discharged on commercial property by a customer of a private water corporation. Donald Sorrells appeals from the district court's judgment declaring him to be a persistent violator of Sunnyside Park Utilities' (SPU) Sewer Rules and Regulations (Rules and Regulations). Sorrells first argues that SPU's declaratory judgment action should have been dismissed because SPU's petition only alleged past violations of its Rules and Regulations; thus, it presented no existing justiciable controversy for which a declaratory judgment would provide actual relief. Next, Sorrells argues that there was insufficient evidence to support the district court's finding that he is a persistent and continuing violator under the Rules and Regulations. SPU cross-appeals and argues that the district court erred by determining that the Idaho Public Utilities Commission (IPUC) retains original jurisdiction over SPU's water system

1

and by denying its requests for costs and attorney fees. For the reasons below, we affirm the district court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

SPU is a Bonneville County, Idaho corporation that provides water and sewer services to commercial properties in the Sunnyside Industrial and Professional Park. SPU is a water corporation as defined by Idaho Code sections 61-125 and 61-129. Appellant-Cross-Respondent, Donald Sorrells, is the owner of a lot in the Sunnyside Industrial & Professional Park (the "Property").

On August 23, 2018, SPU issued a "Will Serve" letter to Sorrells, agreeing to provide water and sewer to him based on representations that Sorrells would install two restrooms on the Property, and that Sorrells would have no other water or sewer needs. In late 2018, Sorrells obtained commercial building permits from Bonneville County to construct several buildings on the Property, only one of which was identified as requiring a sewer permit. Sorrells was authorized to install only two bathrooms on the Property under the Bonneville County building permit and his agreement with SPU. However, Sorrells installed additional water and sewer connections: a washer/dryer connection, an RV septic connection, and ten frost-free hydrants on multiple buildings on the Property. SPU did not authorize Sorrells' installation of the extra water and septic connections, nor were the installations permitted by Bonneville County Zoning and Building Department.

Following Sorrells' connection to the SPU system, SPU noted repeated instances where excessive discharge was directed into SPU's septic system from Sorrells' Property. SPU notified Sorrells of these recurring issues and Sorrells repeatedly assured SPU that the problem would be addressed. In late August 2019, SPU sent a notice of violation to Sorrells regarding the additional unauthorized water and sewer connections. SPU alleged that Sorrells violated multiple sections of SPU's Rules and Regulations governing its system. Along with the notice of violation, SPU identified a defective toilet that was discharging a continuous flow into the SPU system. SPU requested remediation of the defective toilet and explained that services would be terminated if the toilet was not repaired.

A month later, SPU sent Sorrells another notice regarding a constant flow of discharge coming from Sorrells' Property. SPU again requested that Sorrells remedy the problem. SPU sent

a third notice of violation of Rules and Regulations through its counsel several months later, requesting that the frost-free hydrants be removed and that a cement plug be placed in the RV septic system dump sewer line. Based on its belief that Sorrells was acting in good faith in negotiating a resolution, SPU opted not to immediately terminate services to Sorrells' Property. SPU also believed that the RV septic system dump sewer line had been plugged, as requested.

In April 2021, counsel for Sorrells submitted a letter to SPU stating that "the toilet drainage/leaking issue has been remedied." A few months later, a water meter was installed at SPU's cost to monitor water consumption on the Property. In October 2021, SPU discovered that Sorrells' toilet was again continuously running and discharging into the SPU system. As a result, SPU shut off water to the Property to prevent the continuous flow from overloading the septic system. Counsel for SPU informed counsel for Sorrells of the repeated excessive discharge issue and stated that "water will be turned back on when proof is provided that a new toilet has been installed and a monitoring plan acceptable to Sunnyside Park Utilities is submitted by Mr. Sorrells on how he will manage his sewage discharge in the future."

In late October 2021, SPU again noticed excessive discharge into its septic system and found that Sorrells, or his agent, had turned on the water without SPU's authorization. SPU again turned off the water and installed a lock on the water meter to prevent Sorrells from restarting the water until he verified that the problem had been remedied and would no longer risk overloading the SPU septic system. Sorrells subsequently sent a text message to SPU, stating in part: "[T]his is a formal notice that if you or anyone representing you enters my property for any reason again you will be removed by force if necessary. The water meter is fully owned and paid for by me and is on my property. Do not TOUCH AGAIN!! The toilets have been repaired and there is no water flow. BACK OFF!!!" (Capitalization in original).

Sorrells provided proof that Finish Line Plumbing, Inc., had invoiced Sorrells for $471.90 to repair the leaking toilet. Based on that repair, Sorrells requested that water service resume immediately. But when SPU went to the water meter to resume service, it found that its lock had been removed, the water had been turned back on without authorization, and a new lock had been placed to prevent SPU from turning off the water. SPU provided notice to Sorrells that water service would be terminated based on Sorrells' interference with SPU's access to the water meter through the unauthorized lock and threats to forcibly remove any representative of SPU who

attempted to access the meter. Sorrells responded that he would only remove the lock "on condition that [SPU] follow the rules for notice provided in [SPU's] own rules and regulations in the future."

After the toilet was repaired, SPU conducted daily readings of the water meter and daily inspections of the sewer discharge from Sorrells' Property. Between the evening of October 29, 2021, and the morning of November 9, 2021, 12,168 gallons were consumed by Sorrells' Property. On November 2, 2021, SPU notified Sorrells' repair contractor regarding the excessive consumption of water. He informed SPU that a frost-free hydrant was leaking and was being repaired.

**B. Procedural Background**

In November 2021, SPU petitioned for a declaratory judgment against Sorrells, seeking to terminate his water and septic services for violating (1) the Rules and Regulations and (2) IDAPA 31.21.01.602.01 through excessive water use. The district court agreed, in part, finding it had jurisdiction to address septic rules violations, but that only the IPUC could hear claims related to water service. The district court later issued a memorandum decision and order on cross-motions for summary judgment. In that decision, the district court granted summary judgment to SPU, finding that Sorrells was a persistent violator of the Rules and Regulations. The district court also denied SPU's request for attorney fees.

After the district court's order, which granted Sorrells' motion to dismiss in part, SPU filed a notice to terminate water services. In response, Sorrells filed a complaint with the IPUC. After multiple orders ruling that it had jurisdiction, in May 2023, the IPUC entered a final order concluding it did *not* have jurisdiction over SPU, even after SPU made changes to its bylaws and corporate structure in an effort to fall outside the IPUC's jurisdiction. That decision is neither part of the record on appeal, nor was that decision appealed. Even so, at SPU's request, we have taken judicial notice of the IPUC decisions to resolve SPU's cross-appeal. *See Probart v. Idaho Power Co.*, 74 Idaho 119, 125, 258 P.2d 361 (1953) ("the [S]upreme [C]ourt will take judicial notice of an order of the Public Utilities Commission adopted in accordance with and pursuant to statutory authority."). Following its memorandum decision, the district court denied Sorrells' subsequent motion for reconsideration and SPU's motion for reconsideration of its denial of attorney fees. Sorrells appealed, and SPU cross-appealed.

## II. ISSUES ON APPEAL

1. Did the district court err in granting a declaratory judgment to SPU?

**2.** Did the district court err in finding that Sorrells was a persistent violator of SPU's Rules and Regulations?

**3.** Did the district court err in determining that the IPUC retains original jurisdiction over SPU's water system?

**4.** Did the district court err in denying SPU its attorney fees and costs?

**5.** Is SPU entitled to attorney fees and costs on appeal?

### III. STANDARDS OF REVIEW

#### A. Jurisdiction

"[J]usticiability doctrines implicate jurisdiction." *Groveland Water & Sewer, Dist. v. City of Blackfoot*, 169 Idaho 936, 940, 505 P.3d 722, 726 (2022) (quoting *Tucker v. State*, 162 Idaho 11, 18, 394 P.3d 54, 61 (2017)). "Jurisdictional issues, like standing, are questions of law, over which this Court exercises free review." *Id.* (quoting *In re Jerome Cty. Bd. of Comm'rs*, 153 Idaho 298, 308, 281 P.3d 1076, 1086 (2012)).

#### B. Summary Judgment

"This Court employs the same standard as the district court when reviewing rulings on summary judgment motions." *Owen v. Smith*, 168 Idaho 633, 640, 485 P.3d 129, 136 (2021) (quoting *Trumble v. Farm Bureau Mut. Ins. Co. of Idaho*, 166 Idaho 132, 140, 456 P.3d 201, 209 (2019)). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting I.R.C.P. 56(a)). "A moving party must support its assertion by citing particular materials in the record or by showing the 'materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact[s].'" *Id.* (quoting I.R.C.P. 56(c)(1)(B)). "Summary judgment is improper 'if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented.'" *Id.* at 641, 485 P.3d at 137 (quoting *Trumble*, 166 Idaho at 141, 456 P.3d at 210). A "mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment." *Id.*

#### C. Attorney Fees

"An award or denial of attorney fees is reviewed for an abuse of discretion." *Carter Dental, P.A. v. Carter*, __ Idaho __, 551 P.3d 1225, 1231 (2024) (citing *Allen v. Campbell*, 169 Idaho 125, 492 P.3d 1084 (2021)). When this Court reviews an alleged abuse of discretion by a trial court, we consider whether the trial court: "(1) correctly perceived the issue as one of discretion; (2) acted

5

within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Gilbert v. Radnovich*, 171 Idaho 566, 572, 524 P.3d 397, 403 (2023) (quoting *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

## IV. ANALYSIS

### A. We decline to consider the merits of Sorrells' appeal.

Sorrells' opening brief (that we note was *not* written by the same attorney[1] who later substituted into this case to argue before this Court) raises the same two issues he raised before the district court. The first challenges whether a justiciable controversy existed between Sorrells and SPU, and the second argues that Sorrells was not a persistent violator under SPU's Rules and Regulations. That said, it is difficult to glean from Sorrells' brief precisely how he contends the district court erred because, beyond conclusory statements in the headings, Sorrells' brief does not mention the district court's decision from which he is appealing. It is not difficult to discern why. The entirety of Sorrells' opening brief was copied and pasted from the brief he submitted to the district court to support his motion for summary judgment, with only minor modifications. Indeed, the brief does not even contain an "Issues on Appeal" section, as required by Idaho Appellate Rule 35(a)(4):

> Issues Presented on Appeal. A list of the issues presented on appeal, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of the issues should be short and concise, and should not be repetitious. The issues shall fairly state the issues presented for review. The statement of issues presented will be deemed to include every subsidiary issue fairly comprised therein.

I.A.R. 35(a)(4).

Sorrells' brief also contains no citations to the record because, having recycled the brief he used below for this appeal, there was not yet a clerk's record from which to cite. This also implicates the Idaho Appellate Rules:

> The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon.

---

[1] We recognize that Steven Taggart, who argued on behalf of Sorrells during oral argument, was not the same attorney who filed Sorrells' brief on appeal. Mr. Taggart appeared as counsel for Sorrells after Sorrells' brief had been filed and this case was at issue. We note this because our criticism of Sorrells' deficient brief on appeal, and the negative outcome based on it, falls at the feet of Paul Rippel, Sorrells' previous attorney, not Taggart.

I.A.R. 36(a)(6).

Sorrells' arguments on appeal amount to little more than an attempt to get a second bite at the apple by essentially filing the same brief he filed below and failing to address the district court's ruling. Thus, this is not the case of presenting a "groomed horse" to this Court through expanded arguments on appeal. *See S. Valley Ground Water Dist. v. Idaho Dep't of Water Res.*, 173 Idaho 688, 548 P.3d 734, 763 (2024) (quoting *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019)) ("[a] groomed horse is expected on appeal, but a different horse is forbidden.") The author of Sorrells' appellate brief did not even attempt to groom his horse for appeal. Instead, he merely asks this Court to second-guess the district court's findings and conclusions, without even exerting the bare minimum effort to comply with the Idaho Appellate Rules. We decline to address the merits of Sorrells' arguments since his opening brief wholly fails to comply with the Idaho Appellate Rules.

**B.      The district court did not err in its determination that the IPUC initially held original jurisdiction over SPU's water system.**

On cross-appeal, SPU argues that the district court erred in determining the IPUC retained original jurisdiction over its water claim. This is because, according to SPU, the district court overlooked Idaho Code section 61-104, which excludes from the IPUC's jurisdiction any nonprofit corporations. However, SPU did not establish that it was a nonprofit corporation before the district court issued its decision.

In its memorandum decision and order on SPU's motion to dismiss, the district court concluded:

> Under Idaho provisions, all water corporations incorporated in Idaho are declared to be public utilities and therefore subject to the "jurisdiction, control and regulation of the [IPUC] and to the provisions of this act." I.C. § 61-129. Further, the [IPUC] specifically reserves the authority to issue orders interpreting rules pertaining to public utilities and therein resolving formal complaints. [IDAPA] 31.21.01.009. Sunnyside is a water corporation and therefore operat[es] as a public utility and is subject to the original subject matter of jurisdiction of the IPUC.

The district court also entered an amended judgment, stating:

> IT IS FURTHER ORDERED that Plaintiff, Sunnyside Park Utilities, is a water corporation and is subject to the Jurisdiction of the Idaho Public Utilities Commission. [Its] Petition for Declaratory Judgment concerning delivery of water is hereby dismissed.

7

Following the district court's decision, Sorrells filed a complaint with the IPUC. In its first order, Order No. 35513, the IPUC initially agreed that it had jurisdiction over SPU: "The Commission has jurisdiction over this matter and the issues in this case under Title 61 of Idaho Code." After issuing that order, however, SPU filed a petition to stay IPUC's order. In doing so, SPU represented to the IPUC that it "had transitioned into a nonprofit corporation that was statutorily exempt from Commission regulation" under Idaho Code section 61-104. The IPUC agreed to stay its earlier decision, and, after reviewing the documentation SPU filed in support of its position that it was a nonprofit corporation, "continued to recommend that the Company be regulated by the Commission." This was because, while SPU "had represented that it changed its corporate structure to a non-profit[,]" SPU did not "meet . . . [the] criteria" the IPUC identified for it to be exempted from the Commission's jurisdiction. Specifically, the IPUC concluded that SPU had not submitted evidence in the record to show it was "a mutual nonprofit, cooperative corporation, nor a public utility organized and <u>operated</u> for service at cost at this time[.]" (Emphasis in original). SPU again petitioned IPUC to stay its order.

This time, the IPUC concluded "all parties would be best served if the Company worked with Commission Staff to address potential evidentiary support for the Company's Idaho Code [section] 61-104 claim." SPU filed additional evidence representing that it had worked with the IPUC to modify its bylaws, and that its amended bylaws would support its claim that it was exempt from the IPUC's jurisdiction. After reviewing this information, the IPUC found that "SPU is not subject to the Commission's regulatory authority under Idaho Code [section] 61-104 because it is organized and operated for service at cost and not for profit." With that finding, the IPUC concluded it "lacks the jurisdiction to consider the substantive issues in this Complaint." Sorrells petitioned the IPUC to reconsider its decision, but the IPUC ultimately denied that request and entered a final order denying reconsideration. The IPUC also explained:

> The [d]istrict [c]ourt in Bonneville County reasoned that the Commission retains original jurisdiction over interpreting rules and resolving formal complaints where Idaho water corporations are concerned. Specifically, the court stated:
>
> > Therefore, in the matter concerning whether Sunnyside is in violation of [IDAPA] 31.21.01.602.01, it is the finding of this [c]ourt that the [d]istrict [c]ourt does not have subject matter jurisdiction over this matter and that the IPUC specifically reserves and therein retains the authority in this matter to reach a final judgment in the matter.

As the Commission has determined that SPU is not a water corporation that is subject to the Commission's regulatory authority, all arguments concerning the application of the Commission's rules and regulations have become moot, and any arguments with respect to the contractual relationship between Sorrells and SPU concerning the provision of water services are not matters within the Commission's power to adjudicate.

Aside from the IPUC's conclusion that it did not have jurisdiction to consider Sorrells' claim against SPU, SPU failed to reference before this Court *any* of the preceding procedural history detailing *how* the IPUC ultimately concluded it did not have jurisdiction. The IPUC's orders reveal that SPU modified its bylaws and corporate structure, with IPUC's guidance, seeking to ensure it would become nonprofit, thereby excluding it from the statutory definition in Idaho Code section 61-104. That transition, from the information available in the IPUC's order and the record, had not occurred when the district court concluded that SPU was a water corporation and the IPUC had proper jurisdiction over it. Moreover, at the time SPU's claim arose against Sorrells, it had not yet "transitioned" to a nonprofit entity, exempt from IPUC's regulatory authority.

"Subject matter jurisdiction is generally determined at the time the suit is filed." *Warner v. USAA Ins. Agency, Inc.*, 720 F. Supp. 3d 458, 460 (M.D. La. 2024) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180 (5th Cir. 1987)). *See also Janowski v. Div. of State Police, Dept. of Safety & Homeland Sec., State*, 981 A.2d 1166, 1169 (Del. 2009) ("We determine subject matter jurisdiction from the face of the complaint at the time of filing[.]"). If jurisdiction is found lacking at the time of filing, the court may dismiss the case, but such a defect is not something that can be retroactively "fixed" by amendments.

SPU does not dispute that when it filed its petition for declaratory judgment, it was a water corporation. Under Idaho law, all water corporations incorporated in Idaho are declared to be public utilities and therefore subject to the "jurisdiction, control and regulation of the [IPUC] and to the provisions of this act." I.C. § 61-129. "Further, the [IPUC] specifically reserves the authority to issue orders interpreting rules pertaining to public utilities and therein resolving formal complaints." IDAPA 31.21.01.009.

Because subject matter jurisdiction is determined when a claim is filed, based on the record before it, the district court did not err in dismissing SPU's petition seeking a declaratory judgment for lack of jurisdiction over the claim that Sorrells interfered with SPU's access to its water meter and willfully wasted water provided by SPU. IPUC's later course change did not occur until after the district court made its Rule 12(b) ruling, based on additional evidence provided to the IPUC

9

that the district court did not have. This after-the-fact change does not affect the district court's initial analysis. Therefore, we affirm the district court's ruling that it did not have subject matter jurisdiction over SPU's petition to declare that Sorrells interfered with SPU's access to its water meter and willfully wasted water.

**C.      The district court did not err in denying SPU its attorney fees and costs.**

SPU argues that the district court erred in denying its request for attorney fees and costs. SPU requested attorney fees and costs under Idaho Code section 12-120(3) and the Rules and Regulations, Article IV, Section 2.

"The awarding of attorney fees and costs is within the discretion of the district court and is subject to the abuse of discretion standard of review." *Treasure Valley Home Sols., LLC v. Chason*, 171 Idaho 655, 660, 524 P.3d 1272, 1277 (2023) (quoting *Breckenridge Prop. Fund 2016, LLC v. Wally Enters., Inc.*, 170 Idaho 649, 662, 516 P.3d 73, 86 (2022)). "The burden is on the party opposing the award to demonstrate that the district court abused its discretion." *Id.* (quoting *Lettunich v. Lettunich*, 145 Idaho 746, 749, 185 P.3d 258, 261 (2008)). Under Idaho Code section 12-120(3), "the prevailing party shall be allowed a reasonable attorney's fee to be set by the court[.]" *See also* I.R.C.P. 54(e)(2).

SPU was not the prevailing party below. While SPU prevailed in part, the district court recognized that Sorrells successfully defended against SPU's petition seeking a declaratory judgment that he violated IDAPA 32.21.01.602.01 through his water usage:

> [SPU] prevails on their Motion for Declaratory Judgment finding that [Sorrells] was a persistent violator at the time they provided notice of intent to discontinue service. [Sorrells] was successful in this [c]ourt in defending the actions pertaining to water usage and has successfully moved those claims to the state agency. In considering the whole case, with the respective claims and defenses of the parties, and looking at all the results, there is no prevailing party. As such, no attorney fees or costs are awarded.

SPU later moved the district court to reconsider, arguing that the district court should have severed the claims in which it prevailed from the claims in which Sorrells prevailed and apportioned costs appropriately. In its memorandum decision on the motion to reconsider, the district court declined to apportion the claims, and reaffirmed its decision:

> This [c]ourt ruled there was no prevailing party in this action. This was done from an overall view of the case and using the discretion of the [c]ourt. The Plaintiff argues that the court erred in finding that, as each party prevailed on some claims, then there [was no] prevailing party. Plaintiff fails to argue that each side also did

not prevail on issues. And merely reargues the issue as to prevailing party. As no new evidence was submitted as to this argument and the Plaintiff merely asks the court to reconsider its opinions, the court reconsiders this argument and is comfortable with its original decision as to the prevailing party argument. In reviewing the totality of the case there was no prevailing party.

The determination that SPU was not the prevailing party below is dispositive of whether it is entitled to fees under Idaho Code section 12-120(3). "The determination of prevailing party status is committed to the sound discretion of the district court and will not be disturbed absent an abuse of that discretion." *Sommer v. Misty Valley, LLC*, 170 Idaho 413, 431, 511 P.3d 833, 851 (2021) (quoting *Jorgensen v. Coppedge*, 148 Idaho 536, 538, 224 P.3d 1125, 1127 (2010)). This Court has made clear that, for attorney fees under statute, "the prevailing party determination is based on the action as a whole." *Tricore Invs., LLC v. Est. of Warren through ex. Rel. Warren*, 168 Idaho 596, 630, 485 P.3d 92, 126 (2021) (alteration omitted) (quoting *City of Middleton v. Coleman Homes, LLC*, 163 Idaho 716, 732, 418 P.3d 1225, 1232 (2018)). "The question is not to be examined claim-by-claim." *Id.* (quoting *Coleman Homes, LLC*, 163 Idaho at 723, 418 P.3d at 1232). "The determination should be based on what party prevailed on the 'primary issues of [the] litigation.'" *Id.* (alteration in original) (quoting *Coleman Homes, LLC*, 163 Idaho at 726, 418 P.3d at 1235). However, "to the extent a contract affords a party the right to recover its attorney fees when it has prevailed on a specific claim, the overall prevailing party standard of Rule 54 does not apply." *Miller Tr. of Glen Miller & Cynthia Anderson Revocable Living Tr. v. Rocking Ranch No. 3 Prop. Owners' Ass'n, Inc.*, 173 Idaho 285, 541 P.3d 1279, 1293 (2024). Instead, "the determination of whether the party is entitled to recover its fees under the contract is a claim-by-claim determination that examines whether the party seeking fees recovered on each claim covered by the contractual attorney fee provision." *Id.*

We conclude that SPU prevailed in obtaining part of its prayer for a declaratory judgment when the district court ruled that Sorrells was a persistent violator of its Rules and Regulations. But Sorrells succeeded in his 12(b) motion to dismiss SPU's request to declare that Sorrells interfered with SPU's access to its water meter and willfully wasted water provided by SPU after the district court agreed it did not have subject-matter jurisdiction to declare that Sorrells had violated IDAPA 31.21.01.602.01. "This Court has held that when both parties are partially successful, it is within the district court's discretion to decline an award of attorney fees to either side." *Jorgensen v. Coppedge*, 148 Idaho 536, 538, 224 P.3d 1125, 1127 (2010) (quoting *Israel v.*

11

*Leachman*, 139 Idaho 24, 27, 72 P.3d 864, 867 (2003)). Here, since both parties prevailed in part, we cannot say that the district court abused its discretion in reaching its conclusion about which party prevailed below *as a whole*.

SPU further proposes that the language in its Rules and Regulations provides a contractual basis for an award of attorney fees against Sorrells because Article IV, Section 1 provides: "Any person violating any of the provisions of these rules and regulations . . . shall become liable to the company [for] all expense, loss, fines, charges or damages occasioned [by] the Company by reason of such violation." SPU argues that its attorney fees and costs should be considered as "expenses, loss, charge or damage" under that contract. The district court rejected that interpretation, concluding that, "[based on] the plain language of the contract . . . attorney fees and costs were not considered in the original contract . . . . As such attorney fees are not required under the agreement[.]"

"When interpreting a contract, this Court begins with the document's language." *Potlatch Educ. Ass'n v. Potlatch Sch. Dist. No. 285*, 148 Idaho 630, 633, 226 P.3d 1277, 1280 (2010) (citing *Cristo Viene Pentecostal Church v. Paz*, 144 Idaho 304, 308, 160 P.3d 743, 747 (2007)). "[T]he first step is to determine whether or not there is an ambiguity" in the contract's plain language. *McFarland v. Liberty Ins. Corp.*, 164 Idaho 611, 615, 434 P.3d 215, 219 (2019) (quoting *Clark v. Prudential Prop. & Cas. Ins. Co.*, 138 Idaho 538, 540-41, 66 P.3d 242, 244-45 (2003)). "A contract is ambiguous if it is reasonably subject to conflicting interpretations." *Caldwell Land & Cattle, LLC v. Johnson Thermal Sys., Inc.*, 165 Idaho 787, 796, 452 P.3d 809, 818 (2019) (quoting *Bakker v. Thunder Spring-Wareham, LLC*, 141 Idaho 185, 190, 108 P.3d 332, 337 (2005)). "Determining whether a contract is ambiguous is a question of law over which this Court exercises free review." *Id.* (quotation omitted). "If the Court finds no ambiguity, 'the document must be construed in its plain, ordinary and proper sense, according to the meaning derived from the plain wording of the instrument.'" *Thurston Enters., Inc. v. Safeguard Bus. Sys., Inc.*, 164 Idaho 709, 718, 435 P.3d 489, 498 (2019) (quotation omitted). Interpretation of an unambiguous contract is a question of law and reviewed *de novo. Id.* (citation omitted).

We conclude the Rules do not expressly authorize an award of fees in this instance. We apply the American Rule, which provides "that attorney's fees cannot be recovered in an action unless authorized by statute or by *express agreement* of the parties." *Jenkins v. Com. Nat'l Bank of Saint Anthony*, 19 Idaho 290, 297, 113 P. 463, 465 (1911) (emphasis added). *See also Miller Tr.*

*of Glen Miller*, 173 Idaho at 371, 541 P.3d at 1291. ) ("Under the American Rule, '[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise'"); 17 Am. Jur. 2d *Contracts* § 347 (2004). The agreement of the parties here, as stated in the Rules, expressed nothing about an award of attorney fees in litigation. Reading the provision as a whole, the language in the contract is intended to impose liability for damage *caused* by violating the Rules, not damage stemming from litigation brought to prove that the Rules were violated. This was a declaratory judgment action, not a claim seeking attorney's fees as damages. Without language in the Rules expressly stating that parties to the agreement will be responsible for attorney fees incurred in connection with litigation to enforce compliance with the Rules, Article IV, Section 2 cannot be read to provide a basis for awarding attorney fees.

That SPU now argues that it intended the provision to encompass attorney fees is of little moment. "[A] party's subjective intent is immaterial to the interpretation of the contract." *Phillips v. Gomez*, 162 Idaho 803, 808, 405 P.3d 588, 593 (2017) (citation omitted). "Instead, courts will give full 'force and effect to the words of the contract without regard to what the parties of the contract thought it meant or what they actually intended it to mean.'" *Id.* (quoting *J.R. Simplot Co.*, 144 Idaho at 614, 167 P.3d at 751). Nothing in the plain language of the Rules and Regulations suggests attorney fees were contemplated as an "expense . . . occasioned [by] the Company by reason of such violation." Thus, we affirm the district court's decision to deny attorney fees to SPU under the terms of Article IV, Section 1 of the Rules and Regulations.

**D.     SPU is not entitled to attorney fees and costs on appeal.**

SPU requests attorney fees on appeal under the parties' contract and Idaho Code sections 12-120(3) and 12-121. Sorrells does not request attorney fees or costs.

Attorney fees under Idaho Code section 12-120(3) are awardable only to the prevailing party on appeal. *AgStar Fin. Services, ACA v. Nw. Sand & Gravel, Inc.*, 168 Idaho 358, 374, 483 P.3d 415, 431 (2021) ("Idaho Code section 12-120(3) authorize[s] an award [of] attorney fees to the prevailing party on appeal."). Our rationale for affirming the district court's decision to deny attorney fees to SPU under Article IV, Section 1 of the Rules and Regulations applies with the same force here. The plain language of the Rules and Regulations does not provide for attorney fees, either in the underlying litigation or on appeal.

Idaho Code section 12-121 "allows attorney fees in a civil action if the appeal merely invites the Court to second-guess the findings of the lower court." *Erickson v. Erickson*, 171 Idaho

13

352, 371, 521 P.3d 1089, 1108 (2022) (citing *Owen v. Smith*, 168 Idaho 633, 647, 485 P.3d 129, 143 (2021)). However, "[a]n award of fees under section 12-121 is within this Court's discretion." *Id.* "Where a party loses on its cross-appeal, it is not a prevailing party." *Knudsen v. J.R. Simplot Co.*, 168 Idaho 256, 274, 483 P.3d 313, 331 (2021) (quoting *Tapadeera v. Knowlton*, 153 Idaho 182, 189, 280 P.3d 685, 692 (2012)) ("[A] respondent should carefully consider whether to file a cross-appeal because losing the cross-appeal may result in not being able to recover attorney fees incurred in defending the appeal[.]"). Although SPU prevails on the issues that Sorrells appealed, it did not prevail on the issues it brought in its cross-appeal. As a result, we decline an award of attorney fees. Based on similar logic, neither party is entitled to costs.

### V. CONCLUSION

For the reasons above, the district court's judgment is affirmed.

JUSTICES BRODY, MOELLER, ZAHN, and MEYER CONCUR.